ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MIGUEL A. ROSARIO PERALES<br>RECURRENTE<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br>RECURRIDO | KLRA202500198 | Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm:<br>GMA500-225-24 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de junio de 2025.

Comparece ante nosotros, por derecho propio, el señor Miguel A. Rosario Perales (señor Rosario Perales o recurrente) y solicita que revisemos la *Respuesta del Área Concernida/Superintendente* que la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (DCR o recurrido) notificó, el 16 de marzo de 2025. En el referido dictamen, el DCR evaluó su *Solicitud de Remedio Administrativo* (Núm. GMA500-31-25), y resolvió que, el señor Rosario Perales bonifica bajo la Ley Núm. 27-1989, no bajo la Ley Núm. 66-2022.

Adelantamos que, por los fundamentos que expondremos a continuación, confirmamos el dictamen impugnado.

**I.**

Surge del expediente ante esta Curia que, el 3 de abril de 2024, el señor Rosario Perales instó una primera *Solicitud de Remedio Administrativo* (Núm. GMA500-225-24) ante el DCR. En ella, indagó sobre el estatus de su solicitud de entrevista con la Técnico de Servicios Sociopenales para dialogar sobre unas

Número Identificador

SEN2025_____

bonificaciones que, a su entender, no habían sido adjudicadas. En reacción, el DCR emitió la correspondiente *Respuesta del Área Concernida/Superintendente* en la cual dispuso lo siguiente:

> Sr. Rosario Perales, en cuanto a la Ley 66 fue firmada el 19 [de] julio [de] 2022 el cual entra en vigor el 19 [de] octubre [de] 2022, con el prop[ó]sito de que los convictos que est[á]n disfrutando de los beneficios que concede la Junta de Libertad Bajo Palabra, tienen el derecho a recibir las bonificaciones establecidas por concepto de buena conducta y asiduidad, trabajo, estudio y otros. Serán aplicables retroactivamente toda la convicción bajo la vigencia de los C[ó]digos Penales de 1974, 2004 y códigos posteriores en incluso leyes especiales, beneficiando a la población liberada bajo el privilegio de la Junta de Libertad Bajo Palabra.

Posteriormente, el 8 de enero de 2025, el recurrente instó ante el DCR la *Solicitud de Remedio Administrativo* (Núm. GMA500-31-25) que es objeto de este recurso. En ella, el señor Rosario Perales expresó ser elegible a las bonificaciones derivadas de la Ley Núm. 66-2022, por haber estado en cuatro ocasiones en el Programa de Libertad Bajo Palabra.

Evaluado lo anterior, el DCR notificó el dictamen impugnado en el cual expuso que: "[l]a Ley 66 es aplicable a los liberados por la Junta [de] Libertad bajo Palabra. A usted se le aplicaron bonificaciones conforme a la Ley 27."[1]

En desacuerdo, y sin antes instar un petitorio de reconsideración, el 1 de abril de 2025, el señor Rosario Perales presenta ante esta Curia el recurso de epígrafe. En él, argumenta que el DCR incidió al no aplicarle las bonificaciones bajo la Ley Núm. 66-2022 de las cuales entiende es acreedor y, al así actuar, presuntamente contradijo lo previamente resuelto al adjudicar su *Solicitud de Remedio Administrativo* (Núm. GMA500-225-24), notificada el 11 de diciembre de 2024.

En cumplimiento con nuestra *Resolución,* la Oficina del Procurador General de Puerto Rico, en representación del DCR, comparece mediante su *Escrito en Cumplimiento de Resolución.* Con el beneficio de las posturas de ambas partes, resolvemos.

---

[1] Apéndice, pág. 6.

## II.

### A. La Revisión Judicial y la Doctrina de la Deferencia Judicial

La Sección 4.1 de la Ley Núm. 38-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9671, dispone que las decisiones administrativas pueden ser revisadas por el Tribunal de Apelaciones. Ahora bien, en el ejercicio de tal facultad, el foro apelativo está obligado a ser deferente a las determinaciones de los organismos administrativos en consideración a la experiencia y al conocimiento especializado que estas poseen sobre los asuntos que le fueron delegados. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* 2025 TSPR 33, resuelto el 27 de marzo de 2025. Al mismo tiempo, esta facultad revisora delimita la discreción de los organismos administrativos a modo de asegurar que estos ejerzan sus funciones dentro de los márgenes de las facultades que le fueron delegadas por ley. *Jusino Rodríguez v. Junta de Retiro del Gobierno de Puerto Rico,* 2024 TSPR 138, resuelto el 26 de diciembre de 2024. Por último, permite a los foros judiciales velar que los entes administrativos den cumplimiento a los mandatos constitucionales, en especial, al debido proceso de ley. *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* 213 DPR 743 (2024).

Como se sabe, las agencias administrativas son en muchas ocasiones los primeros intérpretes de las leyes que rigen el ejercicio de su ministerio. *Buxó Santiago v. Oficina de Ética Gubernamental,* 2024 TSPR 130, resuelto el 10 de diciembre de 2024. Ahora bien, son los tribunales los que gozan de facultad para interpretar las leyes y la Constitución. *Íd.* Por consiguiente, ante una interpretación de la agencia que produzca resultados incompatibles o contrarios a su política pública o a su propósito interpretado, la deferencia cede ante la interpretación administrativa. *Íd.*

Por lo tanto, al revisar una actuación de una agencia administrativa el criterio rector es la razonabilidad. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* supra. De manera que,

procede la revisión judicial cuando el organismo administrativo haya actuado de forma arbitraria, ilegal, irrazonable o que haya abusado de su discreción. *Íd.* A tono con lo anterior, la Sección 4.5 de la LPAU, 3 LPRA sec. 9675, y la jurisprudencia interpretativa limitan la revisión judicial a tres (3) aspectos: (1) si es apropiado el remedio concedido; (2) si las determinaciones de hechos están basadas en evidencia sustancial; (3) si las conclusiones de derecho fueron correctas. *Íd.* De conformidad, a tenor de la Sección 3.14 de la LPAU, 3 LPRA sec. 9654, el dictamen final del ente administrativo sujeto a revisión judicial ha de contener la advertencia sobre el derecho a solicitar reconsideración o revisión judicial, adicional a las determinaciones de hechos y a las conclusiones de derecho. *Íd.*

Como vemos, al ejercer su facultad revisora, los tribunales no pueden descartar de forma absoluta el dictamen administrativo sin antes haber examinado la totalidad del expediente y haber determinado que la agencia actuó irrazonablemente al ejercer su discreción administrativa. *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* supra. Al mismo tiempo, el Tribunal Supremo ha resuelto con igual firmeza que, los tribunales no podemos imprimirle un sello de corrección, so pretexto de deferencia, a las determinaciones o interpretaciones administrativas irrazonables, ilegales, o simplemente contrarias a derecho. *Íd*; *Super Asphalt v. AFI y otro*, 206 DPR 803 (2021).

Por otro lado, la citada Sección 4.5 de la LPAU, *supra*, dispone que "[l]as conclusiones de derecho serán revisables en todos sus aspectos por el tribunal". *Otero Rivera v. Bella Retail Group, Inc. y otros,* 2024 TSPR 70, resuelto el 24 de junio de 2024. Aun así, se sustituirá el criterio de la agencia cuando no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo. *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 36 (2018). Por ende, "los tribunales deben darle peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra". *Íd.* Lo anterior responde a la vasta

experiencia y al conocimiento especializado o *expertise* que tienen las agencias sobre los asuntos que le son encomendados. *Capó Cruz v. Jta Planificación et al.,* 204 DPR 581 (2020). Ahora bien, cuando el razonamiento de la agencia sea incompatible o contrario al propósito y a la política pública del estatuto interpretado, los tribunales tienen libertad absoluta de descartar las conclusiones de dicho organismo administrativo, en aras de obtener un resultado sensato, lógico y razonable. *Otero Rivera v. Bella Retail Group, Inc. y otros,* supra.

De otra parte, dada la presunción de corrección y regularidad que reviste a las determinaciones de hecho elaboradas por las agencias administrativas, éstas deben ser respetadas mientras la parte que las impugna no produzca evidencia suficiente para derrotarlas. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* supra. Por lo tanto, si al examinar un dictamen administrativo se determina que: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley; (3) el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente; o (4) su actuación lesiona derechos constitucionales fundamentales, entonces la deferencia hacia los procedimientos administrativos cede. *Hernández Feliciano v. Mun. Quebradillas,* 211 DPR 99 (2023).

### B. El Sistema de Bonificaciones

Como se sabe, la política pública del Estado es reglamentar las instituciones penales a modo de viabilizar que estas brinden el tratamiento adecuado a los delincuentes y logren su propósito rehabilitador de forma efectiva. Sección 19 del Artículo VI de la Constitución del Estado Libre Asociado de Puerto Rico, 1 LPRA.

A esos efectos, la Asamblea Legislativa promulgó el Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011, Plan Núm. 2-2011, 3 LPRA Ap. XVIII, en sustitución de la Ley Núm. 116 de 22 de julio de 1974, Ley Orgánica de la Administración

de Corrección, 4 LPRA secs. 1101 *et seq.*[2] En lo pertinente, en su Artículo 5(f), 3 LPRA Ap. XVIII, Art. 5(f), facultó al DCR a extender a toda la población correccional los programas de educación y trabajo.

Cabe señalar que, originalmente, el Artículo 11 del Plan Núm. 2-2011, 3 LPRA Ap. XVIII, Art. 11, hacía extensivo el sistema de bonificaciones a las personas sentenciadas bajo el Código Penal de Puerto Rico de 1974, no así a los sentenciados bajo el Código Penal de Puerto Rico de 2004. Tras la aprobación de la Ley Núm. 87-2020, el Artículo 11 del Plan Núm. 2-2011, fue enmendado para ampliar a toda la población penal la oportunidad de recibir las bonificaciones por buena conducta y asiduidad, independientemente del Código Penal bajo el cual fueron sentenciados, sujeto a ciertas excepciones y porcentajes de acumulación.

Posteriormente, con la aprobación de la Ley Núm. 66-2022, el Artículo 11 del Plan Núm. 2-2011 fue nuevamente enmendado, a los efectos de disponer que, las bonificaciones allí dispuestas también deben concederse a las personas convictas que estén bajo el Programa de Libertad Bajo Palabra. En particular, el Artículo 11 dispone:

> Toda persona sentenciada a cumplir término de reclusión en cualquier institución, antes de la vigencia del Código Penal de Puerto Rico de 2004, que esté disfrutando de un permiso concedido a tenor con lo dispuesto en este Plan o que se encuentre recluida en cualquier entidad gubernamental o privada como parte de un programa de rehabilitación, o disfrutando de libertad bajo palabra concedida por la Junta de Libertad Bajo Palabra, y que observare buena conducta y asiduidad, tendrá derecho a las siguientes rebajas del término de su sentencia, las cuales se computarán desde su admisión a la institución de que se trate o desde que se concede la libertad bajo palabra:
> [...]
> Las rebajas de términos de sentencias dispuestas en este Artículo por buena conducta y asiduidad, aplicarán a toda persona sentenciada a cumplir término de reclusión bajo cualquier Código Penal de Puerto Rico o delito cometido bajo cualquier ley penal especial que en sus disposiciones no las excluya, independientemente se encuentre dentro de una institución correccional o esté cumpliendo el restante de su sentencia de reclusión a través de un permiso concedido a tenor con

---

[2] Se hace constar que, previo a la vigencia del Plan Núm. 2-2011, fue aprobada la Ley Núm. 27-1989 con el fin de revisar el sistema de bonificaciones de los confinados.

lo dispuesto en este Plan o que se encuentre recluida en cualquier entidad gubernamental o privada como parte de un programa de rehabilitación o se encuentre disfrutando de libertad bajo palabra.

De igual manera, la Ley Núm. 66-2022 enmendó el Artículo 12 del Plan Núm. 2-2011, producto de lo cual, las bonificaciones adicionales serían extensivas a toda persona sentenciada, sin considerar el Código Penal aplicado para su sentencia y el Presidente de la Junta de Libertad Bajo Palabra quedó autorizado a conceder bonificaciones por estudio y trabajo a los convictos que estén disfrutando de los privilegios de dicho programa.

**III.**

En su recurso, el recurrente imputa al DCR haber errado y haber actuado de forma contradictoria al dictaminar que no le aplican las bonificaciones bajo la Ley Núm. 66-2022. Por su parte, el DCR argumenta que, la División de Remedios Administrativos actuó de conformidad con la normativa aplicable ya que el recurrente no cumple con el requisito de estar en libertad bajo palabra para ser elegible a las bonificaciones bajo la Ley Núm. 66-2022.

Tal cual expusimos en el tracto procesal, a través de la *Solicitud de Remedio Administrativo* (Núm. GMA500-225-24), el recurrente indagó sobre el estatus de su entrevista con la Técnico de Servicios Sociopenales para discutir posibles bonificaciones que no aparecen en su *Hoja de Control sobre Liquidación de Sentencia*. En la correspondiente *Respuesta* del DCR, la agencia notificó al recurrente que la Ley Núm. 66-2022 fue aprobada para extender las bonificaciones a quienes están disfrutando los beneficios de libertad bajo palabra.

Posteriormente, el recurrente instó la *Solicitud de Remedio Administrativo* (Núm. GMA500-31-25) objeto de este recurso. En ella, además de hacer alusión a las bonificaciones bajo la Ley Núm. 66-2022, hizo constar que estuvo en cuatro (4) ocasiones en el Programa de Libertad Bajo Palabra y que interesa una *Hoja de*

*Control sobre Liquidación de Sentencia* actualizada. Lo antes, a los efectos de continuar gestionando las bonificaciones a las cuales entiende que tiene derecho.

Al adjudicar su solicitud, el DCR reiteró que, la Ley Núm. 66-2022 aplica a los liberados bajo el Programa de Libertad Bajo Palabra. Añadió que, las bonificaciones que le fueron aplicadas al recurrente son conforme a la Ley Núm. 27-1989.

Luego de un análisis del recurso de epígrafe, de la comparecencia del DCR y de los documentos que forman parte del expediente ante esta Curia concluimos que, no se desprende que el DCR haya errado al emitir el dictamen recurrido. Tampoco que sus dictámenes hayan sido contradictorios. Nos explicamos.

Surge del expediente administrativo que, al presente, al recurrente se le han aplicado todas las bonificaciones que por derecho le corresponden bajo la Ley Núm. 27-1989, sin que el recurrente cuestionara lo antes ni nos pusiera en posición para determinar lo contrario. Además, resulta evidente que, el señor Rosario Perales actualmente no forma parte de dicho programa ya que está extinguiendo su sentencia en una institución carcelaria.

En virtud de la normativa antes expuesta, y tal cual lo dispuso el DCR en ambas *Respuesta[s] del Área Concernida/Superintendente* (Núm. GMA500-31-25 y Núm. GMA500-225-24), la Ley Núm. 66-2022 aplica a personas que fueron liberadas por la Junta de Libertad Bajo Palabra. Valga aclarar que, la Ley Núm. 66-2022 no constituye una bonificación adicional a las concedidas a través del Plan Núm. 2-2011. Más bien, la Ley Núm. 66-2022 es una enmienda aclaratoria al Plan Núm. 2-2011 con el fin de reconocer y acreditar que sus beneficios también aplican a personas que disfrutan de libertad bajo palabra.

Sobre tales bases concluimos que, el recurrente no nos puso en posición de revertir el pronunciamiento del DCR. Por una parte, observamos que, el recurrente no presentó prueba fehaciente sobre las alegadas cuatro (4) ocasiones que estuvo bajo el Programa de

Libertad Bajo Palabra. De otra parte, tampoco el recurrente logró fundamentar su postura en cuanto a la aplicación de la Ley Núm. 66-2022 a su estatus actual. Por ello, resolvemos que, el señor Rosario Perales no derrotó la presunción de corrección que ostenta el dictamen administrativo impugnado, a modo de justificar que obviemos la deferencia que esta merece. De manera que, procede confirmar la *Respuesta del Área Concernida/Superintendente* objeto de este recurso.

Ahora bien, en atención a la solicitud del señor Rosario Perales en cuanto a su interés por obtener una *Hoja de Control sobre Liquidación de Sentencia* actualizada, no vemos justificación alguna que impida al DCR entregar al recurrente lo solicitado, como parte del derecho al acceso a la justicia que le asiste. Lo antes no prejuzga cualquier posible reclamo administrativo si alguno.

## IV.

Por los fundamentos antes expuestos, se modifica el pronunciamiento de la agencia recurrida a los únicos efectos de ordenar la entrega de la *Hoja de Control sobre Liquidación de Sentencia* actualizada al recurrente y así modificada, se confirma el dictamen recurrido.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Jueza Cintrón Cintrón concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones