EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Katiria's Café, Inc.<br><br>Peticionaria<br><br>v.<br><br>Municipio Autónomo de San Juan<br><br>Recurrido | 2025 TSPR 33<br><br>215 DPR \_\_\_ |

Número del Caso:  AC-2024-0033


Fecha:  27 de marzo de 2025


Tribunal de Apelaciones:

      Panel X


Representante legal de la parte peticionaria:

      Lcdo. José J. Gueits Ortiz


Materia:  Derecho Administrativo; Ley para la Reforma del Proceso de Permisos de Puerto Rico – Requisito de vista adjudicativa para cuestionar una multa por presunta infracción a la Ley.


Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Katiria´s Café, Inc.<br><br>    Peticionaria<br><br>        v.<br><br>Municipio Autónomo de San Juan<br><br>    Recurrido | | AC-2024-0033 |

Opinión del Tribunal emitida por la Jueza Asociada señora Pabón Charneco.

En San Juan, Puerto Rico, a 27 de marzo de 2025.

En esta ocasión evaluamos si el procedimiento de reconsideración de multas por infracciones a la Ley Núm. 161-2009, según enmendada, conocida como *Ley para la Reforma del Proceso de Permisos de Puerto Rico*, 23 LPRA sec. 9011 *et seq.*, que llevó a cabo el Municipio Autónomo de San Juan (Municipio de San Juan) cumplió con las exigencias del debido proceso de ley. Luego de estudiar detalladamente el expediente y la jurisprudencia aplicable, concluimos que la conducta desplegada por el Municipio de San Juan imposibilita la revisión judicial y violenta el debido proceso de ley en su vertiente procesal.

Por lo cual, revocamos la *Sentencia* emitida por el Tribunal de Apelaciones que confirmó la multa emitida por el Municipio de San Juan en contra de Katiria´s Café, Inc. (Katiria´s Café o la peticionaria). En consecuencia, devolvemos el caso a la Oficina de Permisos del Municipio de San Juan para que celebre, dentro de un término de quince (15) días, un procedimiento adjudicativo que se ajuste a las garantías dispuestas en la Ley Núm. 38-2017, según enmendada, conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), 3 LPRA sec. 9603 *et seq.*

Veamos las incidencias procesales relevantes al caso.

## I

El 7 de julio de 2023 un Inspector de la Oficina de Permisos del Municipio de San Juan emitió una multa administrativa de dos mil dólares ($2,000) contra Katiria's Café.[1] Según el documento, la peticionaria infringió los Arts. 1.3, 9.12 y 14.13(c) de la Ley Núm. 161-2009, *supra*, por estar operando una "barra como uso principal". Además, en este se le informó a la peticionaria sobre los procesos para solicitar reconsideración de la multa, así como el término para solicitar revisión judicial ante el Tribunal de Apelaciones.[2] Específicamente, dispuso:

RECONSIDERACIÓN DE MULTA

La parte adversamente afectada por una multa podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la

_____

[1] Apéndice del Recurso de Apelación, pág. 1.
[2] *Íd.*, pág. 2.

notificación de esta, presentar una moción de reconsideración de la misma. La Oficina de Permisos ("OP") dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término jurisdiccional de treinta (30) días para solicitar revisión ante el Tribunal de Apelaciones empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la OP resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tomar alguna acción con relación a la moción dentro de los noventa(90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término de treinta (30) días para solicitar la revisión judicial ante el Tribunal de Apelaciones empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales.[3]

Así las cosas, el 31 de julio de 2023, la peticionaria presentó una *Solicitud de Reconsideración* dirigida a la Oficina de Permisos del Municipio de San Juan.[4] En primer lugar, argumentó que la notificación de la penalidad impuesta violaba el debido proceso de ley en su vertiente procesal, al no proveerle oportunidad de solicitar una Vista Administrativa. A su vez, planteó que no procedía la multa como cuestión de derecho porque su negocio se

---

[3] *Íd.*
[4] *Íd.*, págs. 3-4.

dedicaba a la venta de comida y el expendio de bebidas alcohólicas era accesorio a este.

El 13 de septiembre de 2023, aún sin una contestación del Municipio de San Juan, la peticionaria presentó un recurso de *Revisión Judicial* ante el Tribunal de Apelaciones. En este levantó como único planteamiento de error que:

> Erró la parte recurrida al emitir una multa contra la peticionaria y luego negarle el derecho a una vista administrativa en donde esta pueda presentar evidencia a su favor y confrontar la prueba con la que cuenta el Municipio para sostener dicha penalidad.[5]

Así las cosas, el 15 de septiembre de 2023, el Tribunal de Apelaciones, emitió una *Resolución* en la cual le concedió al Municipio de San Juan un plazo perentorio de treinta (30) días para presentar su alegato en oposición. Luego, el 3 de noviembre de 2023, y sin el Municipio de San Juan comparecer, el foro apelativo intermedio emitió una *Resolución* ordenando al Municipio a que en un plazo perentorio de veinte (20) días presentara copia fiel y exacta del expediente administrativo relacionado a la multa. Se le apercibió a este que el incumplimiento conllevaría la imposición de sanciones. Transcurrido el término sin la comparecencia del Municipio de San Juan, el 26 de febrero de 2024 el foro intermedio emitió otra *Resolución* a los mismos fines.[6] En esta, advirtió que

---

[5] *Íd.*, pág. 10.
[6] *Íd.*, pág. 17

además de sanciones por el incumplimiento, podría exponerse a que se eliminara la multa impuesta.

Sin embargo, y a pesar de los apercibimientos emitidos, el 27 de marzo de 2024, el Tribunal de Apelaciones emitió una *Sentencia* en la que confirmó la multa administrativa emitida. Lo anterior sin que el Municipio de San Juan compareciera ante ese foro y sin contar con copia del expediente administrativo. El tribunal *a quo* sostuvo su dictamen en la presunción de corrección que cobija los procesos administrativos y le brindó deferencia a la determinación del Municipio de San Juan. Particularmente señaló que la peticionaria no incluyó en su recurso el Permiso de Uso otorgado a su favor por el Municipio de San Juan. Entendió que la ausencia de este documento dificultaba la evaluación de si esta tenía o no permiso para vender alimentos preparados y/o alcohol. Siendo así, concluyó que la peticionaria no logró derrotar la presunción de corrección que cobijaba la multa.

Inconforme con ese dictamen, la peticionaria presentó una Moción de Reconsideración. En esta, argumentó nuevamente que el asunto central planteado ante el foro apelativo intermedio, y que fue obviado por este, era si el Municipio de San Juan tenía que conceder la oportunidad de presentar evidencia en una Vista Administrativa. Planteó que el dictamen sostenía una multa donde **nunca se le dio la oportunidad de ser oída y de confrontar la prueba en su contra.** Señaló, además, que la ausencia del Permiso de Uso

era una deficiencia que se hubiera subsanado del Municipio de San Juan cumplir con las **dos** *Resoluciones* emitidas por el Tribunal de Apelaciones, para que sometiera copia del expediente administrativo.

El 19 de abril de 2024, el Tribunal de Apelaciones emitió una Resolución denegando la reconsideración. Tras este revés judicial, el 22 de mayo de 2024, la peticionaria presentó ante nos un *Recurso de Apelación* en el cual señaló como único error el siguiente:

> Único Error: Erró el Tribunal de Apelaciones al confirmar la multa emitida contra la peticionaria a pesar de que a esta se le negó el derecho a una Vista Administrativa en donde pudiese presentar evidencia a su favor y confrontar la prueba con la que cuenta el Municipio para sostener dicha penalidad.

Luego de evaluado el escrito presentado, el 28 de junio de 2024, acogimos el mismo como un *certiorari*, por ser el recurso apropiado y lo expedimos. El 6 de agosto de 2024, le concedimos al Municipio de San Juan un término de treinta (30) días para presentar su alegato. **El Municipio de San Juan no compareció**, por lo que el 17 de septiembre de 2024, le **concedimos un término adicional de diez (10) días**. Transcurrido este término, el caso quedo sometido para adjudicación sin el beneficio de su comparecencia.

## II

### A.

El Artículo II, Sección 7 de la Constitución de Puerto Rico, establece que "[n]inguna persona será privada de su libertad o propiedad sin [un] debido proceso de ley". Art.

II, Sec. 7, Const. P.R., LPRA, Tomo 1. Es harto conocido que las exigencias de esta protección constitucional contra la privación arbitraria o irrazonable de un interés individual de libertad o propiedad, tanto en su vertiente sustantiva como la procesal, es extensiva a las actuaciones de las agencias administrativas. *Almonte et al. v. Brito*, 156 DPR 475, 481 (2002); *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, 133 DPR 881 (1993).

No obstante, en el ámbito procesal, la exigencia de que las agencias provean un debido proceso de ley no constituye una camisa de fuerza que prive a estos de dirigir a sus procesos de forma justa, práctica y flexible. *Almonte et al. v. Brito*, *supra*; *López Vives v. Policía de P.R.*, 118 DPR 219, 230-31 (1987) ("El debido proceso no es un 'molde rígido que prive de flexibilidad' a los organismos administrativos, […], pero requiere un proceso justo y equitativo que respete la dignidad de los individuos afectados"); *Pérez Ríos v. Hull Dobbs*, 107 DPR 834, 841 (1978)("Como se sabe, el debido procedimiento de ley ofrece protección contra la posible arbitrariedad administrativa, pero no es un molde rígido que prive de flexibilidad responsable a dichos procedimientos").

Por tanto, este foro ha reconocido que "[d]ependiendo de las circunstancias, diversas situaciones pueden requerir diferentes tipos de procedimientos, **pero siempre persiste el requisito general de que el proceso gubernamental debe**

**ser justo e imparcial".** (Negrilla suplida). *Rivera Rodríguez & Co. v. Lee Stowell, etc., supra*, pág. 888.

Cónsono con lo anterior, para satisfacer las exigencias mínimas del debido proceso de ley, en su vertiente procesal, nuestra jurisprudencia ha reiterado que se deben cumplir con los requisitos siguientes: (1) notificación adecuada del proceso; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar testigos y examinar evidencia presentada en su contra; (5) tener asistencia de abogado, y (6) que la decisión se base en el récord. *Vázquez González v. Mun. de San Juan*, 178 DPR 636, 643 (2010); *Hernández v. Secretario*, 164 DPR 390, 395-396 (2005); *Rivera Rodríguez & Co. v. Lee Stowell, etc., supra*, pág. 889.

Así las cosas, al aprobar la LPAU, la Asamblea Legislativa "extendió a los procedimientos adjudicativos de las agencias administrativas ciertas garantías mínimas inherentes al debido proceso de ley" dado a que "en su función adjudicativa, las agencias administrativas intervienen con intereses libertarios y propietarios del ciudadano". *Álamo Romero v. Adm. Corrección*, 175 DPR 314, 329 (2009). La Sección 3.1 de la LPAU, 3 LPRA sec. 9641, reconoce las garantías antes señaladas.[7]

---

[7] Específicamente la Sección 3.1 de la LPAU, *supra,* dispone al respecto que:

> En todo procedimiento adjudicativo formal ante una agencia se salvaguardarán los siguientes derechos:

Estas protecciones que provee la LPAU son extensivas a los procesos mediante los cuales un municipio impone una multa administrativa, ya sea bajo la Ley Núm. 107-2020, según enmendada, conocida como *Código Municipal de Puerto Rico*, 21 LPRA sec. 7001 *et seq.*, o bajo la Ley Núm. 161-2009, *supra*. En lo pertinente, el Art. 1.009 del Código Municipal, 21 LPRA sec. 7014, dispone que:

> […]
>
> En el ejercicio de sus facultades para reglamentar, investigar, emitir decisiones, certificados, permisos, endosos y concesiones, el municipio podrá imponer y cobrar multas administrativas de hasta un máximo de cinco mil (5,000) dólares por infracciones a sus ordenanzas, resoluciones y reglamentos de aplicación general, conforme se establezca por ley u ordenanza.
>
> **El municipio deberá adoptar mediante ordenanza un procedimiento uniforme para la imposición de multas administrativas que contenga las garantías del debido procedimiento de ley en su vertiente sustantiva, similar al establecido en las secs. 9601 et seq. del Título 3, conocida como "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico".** […] (Negrilla suplida).

A su vez, el Art. 14.10 de la Ley Núm. 161-2009, 23 LPRA sec. 9024i, establece que:

> […]f) **La parte adversamente afectada por una multa expedida por** la Junta de Planificación, el Oficial Auditor de Permisos, la Entidad Gubernamental Concernida o por **los Municipios Autónomos con Jerarquía de la I a la V, podrá solicitar reconsideración o revisión según**

---

(A) Derecho a notificación oportuna de los cargos o querellas o reclamos en contra de una parte.

(B) Derecho a presentar evidencia.

(C) Derecho a una adjudicación imparcial.

(D) Derecho a que la decisión sea basada en el expediente. 3 LPRA sec. 9641,

**dispuesto en las secs. 9601 et seq. del Título 3, conocidas como "Ley de Procedimiento Administrativo Uniforme".** (Negrilla suplida).

**B.**

Es norma de derecho claramente establecida que los tribunales apelativos, al momento de revisar las determinaciones administrativas, están obligados a conceder deferencia a las decisiones de las agencias en consideración a que estas poseen la experiencia y el conocimiento especializado sobre los asuntos que se les han delegado. *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018); *Torres Rivera v. Policía de PR*, 196 DPR 606, 626 (2016); *Pagán Santiago et al. v. ASR*, 185 DPR 341, 358 (2012). En vista de lo anterior, se ha reiterado también que las determinaciones administrativas están revestidas de una presunción de legalidad y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas. *Torres Rivera v. Policía de PR, supra*; *Trigo Margarida v. Junta Directores*, 187 DPR 384, 393-394 (2012); *Misión Ind. P.R. v. J.P.*, 146 DPR 64, 130 (1998).

Por ello, este Tribunal ha considerado la razonabilidad de la acción impugnada como criterio rector al revisar una actuación de la agencia recurrida. *Torres Rivera v. Policía de PR, supra*; *Mun. San Juan v. Plaza Las Américas*, 169 DPR 310, 323 (2006); *Hernández, Álvarez v. Centro Unido*, 168 DPR 592, 614 (2006). Al aplicar este criterio, los tribunales revisores deben determinar si la

decisión de la agencia en la interpretación de los reglamentos y las leyes que le incumbe implementar es razonable y no "si la decisión administrativa es la más razonable o la mejor". *Álvarez v. Centro Unido*, *supra*, pág. 616; *P.C.M.E. v. J.C.A.*, 166 DPR 599, 617 (2005). Dicho de otra forma, la revisión judicial procede "si la agencia actuó de manera arbitraria o ilegal, o en forma tan irrazonable que su actuación constituye un abuso de discreción". *Rolón Martínez v. Supte. Policía, supra*, pág. 35; *Torres Rivera v. Policía de PR*, *supra*.

Así pues, la Sección 4.5 de la LPAU, 3 LPRA sec. 9675, y nuestra jurisprudencia limita la revisión judicial a los siguientes tres aspectos: "(1) que el remedio concedido por la agencia fue el apropiado; (2) que la revisión de las determinaciones de hecho esté conforme al criterio de evidencia sustancial, y (3) determinar si las conclusiones de derecho fueron correctas mediante su revisión completa y absoluta". *Pagán Santiago et al. v. ASR*, *supra*, pág. 358. En esta dirección, notamos que la Sección 3.14 de la LPAU, 3 LPRA sec. 9654, establece que la determinación final de la agencia, que está sujeta a revisión judicial, deberá contener: determinaciones de hecho, conclusiones de derecho y la advertencia sobre el derecho a solicitar reconsideración o revisión judicial.

En *Rivera Santiago v. Srio. de Hacienda*, 119 DPR 265, 275 (1987), razonamos que el requisito de incluir determinaciones de hecho y derecho constituye una regla

general, independientemente de que se trate de un procedimiento administrativo formal o informal. Así las cosas, notamos que efectuar estos requisitos persigue los objetivos siguientes:

> (1) "proporciona a los tribunales la oportunidad de revisar adecuadamente la decisión administrativa y facilitar esa tarea"; (2) "fomenta que la agencia adopte una decisión cuidadosa y razonada dentro de los parámetros de su autoridad y discreción"; (3) "ayuda a la parte afectada a entender por qué el organismo administrativo decidió como lo hizo, y así aquélla puede, mejor informada, decidir si acude al foro judicial o acata la determinación"; (4) "promueve la uniformidad intraagencial', particularmente cuando "el proceso decisorio institucional es adoptado por distintos miembros de un comité especial a quienes les está encomendado celebrar vistas y recibir la prueba", y (5) "evita que los tribunales nos apropiemos de funciones que corresponden propiamente, bajo el concepto de especialización y destreza (expertise), a las agencias administrativas. *Íd.*, págs. 276-278.

## III

En su recurso ante nos, la parte peticionaria arguye, como único señalamiento de error, que el Tribunal de Apelaciones erró gravemente al confirmar la multa administrativa emitida por el Municipio de San Juan, a pesar de que este último le negó la oportunidad de presentar evidencia a su favor y confrontar la prueba utilizada en su contra. En particular, dispuso que la Sentencia recurrida obvió el señalamiento principal de que el Municipio actuó de manera contraria al debido proceso de ley. Además, señaló que, contrario a lo dispuesto en la Sentencia aquí impugnada, el foro intermedio hubiera estado

en posición de resolver si el Municipio hubiese cumplido con las Órdenes emitidas para que proveyera copia del expediente administrativo del caso.

Como ya recalcamos, el debido proceso de ley en su vertiente procesal aplica a los procedimientos administrativos como este. *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, *supra*; Art. 14.10 de la Ley Núm. 161-2009, *supra*. Mediante esa garantía se pretende lograr una protección en contra de la arbitrariedad sin privar el carácter expedito y flexible de los procesos adjudicativos celebrados ante una agencia administrativa. *Pérez Ríos v. Hull Dobbs*, *supra.* Como criterio general, el proceso tiene que ser uno justo e imparcial, el cual provea, como mínimo: (1) una notificación adecuada; (2) un proceso ante un juez imparcial; (3) la oportunidad de ser oído; (4) el derecho a contrainterrogar testigos y examinar evidencia presentada en su contra; (5) la oportunidad de tener asistencia de abogado, y (6) que la decisión se base en el expediente. *Vázquez González v. Mun. San Juan, supra*. Además, en nuestra jurisdicción, la decisión administrativa final tiene que contener conclusiones de hecho y derecho. *Rivera Santiago v. Srio. De Hacienda*, *supra.* **Todo lo anterior constituye un mínimo de garantías que el Municipio de San Juan tenía que proveer al amparo de la Ley Núm. 161-2009, *supra*.** Evaluemos si se cumplió con esto.

Según relatamos previamente, en este caso el Municipio de San Juan emitió una multa administrativa por

infracciones a la Ley Núm. 161-2009, *supra*. Conforme expuesto en el boleto expedido, la peticionaria solo podía solicitar reconsideración por escrito dentro del término de veinte (20) días desde la notificación de la multa. Una vez recibida, la Oficina de Permisos podía considerarla o rechazarla de plano dentro de los quince (15) días de su presentación, quedando suspendidos los términos jurisdiccionales para acudir al Tribunal de Apelaciones hasta tanto se emitiera la Resolución resolviendo la moción de reconsideración o rechazando el escrito.

No obstante, el Municipio de San Juan no proveyó las garantías mínimas del debido proceso de ley que imperan en nuestro ordenamiento. Resulta insólito el hecho de que el recurrido ejecutó un proceso en el cual la multa administrativa se convirtió en una decisión final, sin mayor consideración.[8] La parte adversamente afectada tenía derecho a comparecer ante un juzgador imparcial, a ser escuchada y confrontar la prueba en su contra. Para ello, debía poder solicitar la celebración de una vista administrativa dentro del término de veinte (20) días provisto para la presentación de una reconsideración. A su vez, el Municipio de San Juan tenía el deber de así notificárselo para que pudiera ejercer ese derecho. **De**

_____

[8] Asimismo, la ausencia de una vista administrativa y la falta de garantías del debido proceso de ley imposibilitaron que el Tribunal de Apelaciones ejerciera su función revisora sobre los méritos de la multa.

**solicitarlo, como en efecto sucedió, se debía celebrar una Vista Adjudicativa para evaluar la multa emitida.**

Por otro lado, entendemos que la *Sentencia* del Tribunal de Apelaciones constituye una abdicación total de su deber fundamental de hacer justicia y de velar por que las agencias no actúen de manera arbitraria, ilegal o irrazonable. El Municipio de San Juan no elevó el expediente administrativo del caso luego de que se lo requiriera el foro recurrido. En ese aspecto, resulta improcedente que el Tribunal de Apelaciones confirmara una determinación administrativa bajo la presunción de legalidad y corrección que reviste estos procesos sin haber tenido para su estudio los documentos relevantes. Tal actuación constituye una deferencia a ciegas de la decisión tomada por el ente municipal. Una vez solicitado, el Tribunal de Apelaciones debió contar con el expediente administrativo para llevar a cabo su función revisora de manera adecuada.

Destacamos que las Reglas 59 y 63 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, facultan al foro intermedio a permitir que las partes sometan documentos del apéndice luego de presentado un recurso. Así las cosas, el foro recurrido erró al confirmar la multa por razón de que se omitieron documentos que debieron ser incluidos en el apéndice del recurso de revisión judicial. Este, por el contrario, debió emitir una Orden a los efectos de que la peticionaria sometiera los mismos.

Tampoco podemos avalar la tolerancia que tuvo el Tribunal de Apelaciones ante el incumplimiento reiterado del Municipio de San Juan con las Órdenes para que elevara el expediente administrativo. El foro apelativo intermedio debió actuar tal cual advirtió en sus *Resoluciones* de 3 de noviembre de 2023 y 26 de febrero de 2024 y proceder a imponerle sanciones al Municipio de San Juan para lograr que este cumpliera con las Órdenes emitidas. Las advertencias realizadas en una orden o resolución judicial no son meras coletillas añadidas a un escrito o amenazas hechas en el vacío. En cambio, son apercibimientos sobre las consecuencias reales y el proceder que se llevará a cabo de una parte incumplir con estas, por lo que no deben ser ignoradas o tomadas livianamente.

Por último, advertimos que la desidia desplegada por el Municipio de San Juan al incumplir con la *Resoluciones* tanto del Tribunal de Apelaciones como de este Tribunal resulta en una carga importuna a la sana administración de la justicia. Nos encontramos ante una entidad pública que optó por asumir una actitud desinteresada en este procedimiento. Exhortamos a los tribunales a hacer uso de los medios a su alcance para evitar este tipo de conducta.

**IV**

En consideración a los fundamentos antes expuestos, se revoca la *Sentencia* emitida por el Tribunal de Apelaciones. En consecuencia, se devuelve el caso a la Oficina de Permisos del Municipio Autónomo de San Juan para que

celebre una Vista dentro del término de quince (15) días de notificada esta *Opinión*. Se le apercibe al Municipio Autónomo de San Juan y a su Director de la División Legal, que el incumplimiento con este término pudiese conllevar la imposición de sanciones severas, incluyendo que se refiera el asunto al Tribunal de Primera Instancia para que se inicie un procedimiento de desacato civil en su contra.

Se dictará Sentencia de conformidad.


Mildred G. Pabón Charneco
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Katiria´s Café, Inc.<br><br>    Peticionaria<br><br>       v.<br><br>Municipio Autónomo de San Juan<br><br>    Recurrido | | AC-2024-0033 |

SENTENCIA

En San Juan, Puerto Rico, a 27 de marzo de 2025.

Por los fundamentos expuestos en la Opinión que antecede, se revoca la *Sentencia* emitida por el Tribunal de Apelaciones. En consecuencia, se devuelve el caso a la Oficina de Permisos del Municipio Autónomo de San Juan para que celebre una Vista Administrativa dentro del término de quince (15) días de notificada esta *Opinión*. Se le apercibe al Municipio Autónomo de San Juan y a su Director de la División Legal, que el incumplimiento con este término pudiese conllevar la imposición de sanciones severas, incluyendo que se refiera el asunto al Tribunal de Primera Instancia para que se inicie un procedimiento de desacato civil en su contra.

Se ordena la notificación personal al alcalde del Municipio Autónomo de San Juan.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo