ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| JOSÉ R. RODRÍGUEZ CARDONA<br>RECURRENTE<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br>RECURRIDO | TA2025RA00021 | Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm:<br>PA-94-25 |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Martínez Cordero y el Juez Cruz Hiraldo

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de julio de 2025.

Comparece ante esta Curia, por derecho propio y en forma *pauperis,[1]* el señor José R. Rodríguez Cardona (señor Rodríguez Cardona o recurrente) y solicita que revisemos la *Respuesta al Miembro de la Población Correccional* que la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (DCR) notificó, el 8 de abril de 2025, la cual fue objeto de reconsideración. En el dictamen impugnado, el DCR dispuso no aplicar las bonificaciones según solicitadas por el señor Rodríguez Cardona.

Adelantamos que, por los fundamentos que expondremos a continuación, confirmamos el dictamen impugnado.

**I.**

Colegimos del expediente que, en respuesta a la *Solicitud de Remedio Administrativo* (Núm. PA-94-25)[2] que instó el señor Rodríguez Cardona sobre bonificaciones, el DCR emitió la *Respuesta*

---

[1] Mediante una *Resolución,* emitida el 27 de junio de 2025, autorizamos al señor Rodríguez Cardona a litigar como indigente y lo eximimos de cancelar los aranceles correspondientes.
[2] Cabe señalar que, no obra en el expediente copia de su *Solicitud de Remedio Administrativo* (Núm. PA-94-25)

*del Área Concernida/Superintendente* en la cual dispuso lo siguiente:

> Sr. Rodríguez Cardona en efecto es acreedor de la bonificación por buena conducta y asiduidad conforme Ley 87 en el caso de desacato a razón de 7 d[í]as por mes, no obstante en el Art. 173 C.P. no aplica por ser pena de reclusión en años naturales y en el caso de Art. 15 Ley 8 por ser en grado de reincidencia agravada.

En desacuerdo, el señor Rodríguez Cardona instó un petitorio de reconsideración, en el cual, insistió en ser elegible a rebajar su sentencia mediante bonificaciones de buena conducta y asiduidad. En esta, la agencia recurrida consignó lo siguiente:

> (x) Se deniega la petición de reconsideración:
> Basado en el Reglamento Interno de Bonificación por Buena Conducta, Trabajo, Estudio y Servicios Excepcionalmente Meritorios emitido el 11 de noviembre de 2022, indica lo siguiente: letra B- Exclusiones: No podrán recibir estas bonificaciones los sentenciados a los que se les impuso: Núm. 4. Una condena que deba cumplirse en a[ñ]os naturales". Cabe mencionar, que la Ley 66 del año 2022 otorga bonificaciones por concepto de buena conducta y asiduidad, trabajo, y estudios a los liberados por la Junta Libertad Bajo Palabra. Por ende, usted no reúne los criterios para la otorgación de la bonificación por buena conducta y asiduidad en las sentencias dictadas en forma natural. Se aneja liquidación sentencia actualizada.

Ante la denegatoria del DCR a reconsiderar, el recurrente presenta ante esta Curia el recurso de epígrafe. Procedemos a resolver.

## II.

### A. La Revisión Judicial y la Doctrina de la Deferencia Judicial

La Sección 4.1 de la Ley Núm. 38-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9671, dispone que las decisiones administrativas pueden ser revisadas por el Tribunal de Apelaciones. Ahora bien, en el ejercicio de tal facultad, el foro apelativo está obligado a ser deferente a las determinaciones de los organismos administrativos en consideración a la experiencia y al conocimiento especializado que estas poseen sobre los asuntos que le fueron delegados. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* 2025 TSPR 33, resuelto el 27 de marzo de 2025. Al mismo tiempo, esta facultad revisora delimita la discreción de los organismos administrativos a

modo de asegurar que estos ejerzan sus funciones dentro de los márgenes de las facultades que le fueron delegadas por ley. *Jusino Rodríguez v. Junta de Retiro del Gobierno de Puerto Rico,* 2024 TSPR 138, resuelto el 26 de diciembre de 2024. Por último, permite a los foros judiciales velar que los entes administrativos den cumplimiento a los mandatos constitucionales, en especial, al debido proceso de ley. *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* 213 DPR 743 (2024).

Como se sabe, las agencias administrativas son en muchas ocasiones los primeros intérpretes de las leyes que rigen el ejercicio de su ministerio. *Buxó Santiago v. Oficina de Ética Gubernamental,* 2024 TSPR 130, resuelto el 10 de diciembre de 2024. Ahora bien, son los tribunales los que gozan de facultad para interpretar las leyes y la Constitución. *Íd.* Por consiguiente, ante una interpretación de la agencia que produzca resultados incompatibles o contrarios a su política pública o a su propósito interpretado, la deferencia cede ante la interpretación administrativa. *Íd.*

Por lo tanto, al revisar una actuación de una agencia administrativa el criterio rector es la razonabilidad. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* supra. De manera que, procede la revisión judicial cuando el organismo administrativo haya actuado de forma arbitraria, ilegal, irrazonable o que haya abusado de su discreción. *Íd.* A tono con lo anterior, la Sección 4.5 de la LPAU, 3 LPRA sec. 9675, y la jurisprudencia interpretativa limitan la revisión judicial a tres (3) aspectos: (1) si es apropiado el remedio concedido; (2) si las determinaciones de hechos están basadas en evidencia sustancial; (3) si las conclusiones de derecho fueron correctas. *Íd.* De conformidad, a tenor de la Sección 3.14 de la LPAU, 3 LPRA sec. 9654, el dictamen final del ente administrativo sujeto a revisión judicial ha de contener la advertencia sobre el derecho a solicitar reconsideración o revisión judicial, adicional a las determinaciones de hechos y a las conclusiones de derecho. *Íd.*

Como vemos, al ejercer su facultad revisora, los tribunales no pueden descartar de forma absoluta el dictamen administrativo sin antes haber examinado la totalidad del expediente y haber determinado que la agencia actuó irrazonablemente al ejercer su discreción administrativa. *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* supra. Al mismo tiempo, el Tribunal Supremo ha resuelto con igual firmeza que, los tribunales no podemos imprimirle un sello de corrección, so pretexto de deferencia, a las determinaciones o interpretaciones administrativas irrazonables, ilegales, o simplemente contrarias a derecho. *Íd*; *Super Asphalt v. AFI y otro*, 206 DPR 803 (2021).

Por otro lado, la citada Sección 4.5 de la LPAU, *supra*, dispone que "[l]as conclusiones de derecho serán revisables en todos sus aspectos por el tribunal". *Otero Rivera v. Bella Retail Group, Inc. y otros,* 2024 TSPR 70, resuelto el 24 de junio de 2024. Aun así, se sustituirá el criterio de la agencia cuando no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo. *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 36 (2018). Por ende, "los tribunales deben darle peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra". *Íd.* Lo anterior responde a la vasta experiencia y al conocimiento especializado o *expertise* que tienen las agencias sobre los asuntos que le son encomendados. *Capó Cruz v. Jta Planificación et al.,* 204 DPR 581 (2020). Ahora bien, cuando el razonamiento de la agencia sea incompatible o contrario al propósito y a la política pública del estatuto interpretado, los tribunales tienen libertad absoluta de descartar las conclusiones de dicho organismo administrativo, en aras de obtener un resultado sensato, lógico y razonable. *Otero Rivera v. Bella Retail Group, Inc. y otros,* supra.

De otra parte, dada la presunción de corrección y regularidad que reviste a las determinaciones de hecho elaboradas por las agencias administrativas, éstas deben ser respetadas mientras la

parte que las impugna no produzca evidencia suficiente para derrotarlas. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* supra. Por lo tanto, si al examinar un dictamen administrativo se determina que: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley; (3) el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente; o (4) su actuación lesiona derechos constitucionales fundamentales, entonces la deferencia hacia los procedimientos administrativos cede. *Hernández Feliciano v. Mun. Quebradillas,* 211 DPR 99 (2023).

### B. El Sistema de Bonificaciones

Como se sabe, la política pública del Estado es reglamentar las instituciones penales a modo de viabilizar que estas brinden el tratamiento adecuado a los delincuentes y logren su propósito rehabilitador de forma efectiva. Sección 19 del Artículo VI de la Constitución del Estado Libre Asociado de Puerto Rico, 1 LPRA.

A esos efectos, la Asamblea Legislativa promulgó el Plan de Reorganización del Departamento de Corrección y Rehabilitación de 2011, Plan Núm. 2-2011, 3 LPRA Ap. XVIII, en sustitución de la Ley Núm. 116 de 22 de julio de 1974, Ley Orgánica de la Administración de Corrección, 4 LPRA secs. 1101 *et seq.*[3] En lo pertinente, en su Artículo 5(f), 3 LPRA Ap. XVIII, Art. 5(f), facultó al DCR a extender a toda la población correccional los programas de educación y trabajo.

Cabe señalar que, originalmente, el Artículo 11 del Plan Núm. 2-2011, 3 LPRA Ap. XVIII, Art. 11, hacía extensivo el sistema de bonificaciones a las personas sentenciadas bajo el Código Penal de Puerto Rico de 1974, no así a los sentenciados bajo el Código Penal de Puerto Rico de 2004. Tras la aprobación de la Ley Núm. 87-2020, el Artículo 11 del Plan Núm. 2-2011, fue enmendado para ampliar a toda la población penal la oportunidad de recibir las bonificaciones

---

[3] Se hace constar que, previo a la vigencia del Plan Núm. 2-2011, fue aprobada la Ley Núm. 27-1989 con el fin de revisar el sistema de bonificaciones de los confinados.

por buena conducta y asiduidad, independientemente del Código Penal bajo el cual fueron sentenciados, sujeto a las siguientes excepciones:

> [...] se mantienen en esta legislación las siguientes exclusiones a las bonificaciones de buena conducta y asiduidad: (1) los condenados a una pena de reclusión de noventa y nueve (99) años; (2) **toda condena que haya dado lugar a una determinación de reincidencia agravada o de reincidencia habitual**, conforme establecen los incisos (b) y (c) del Artículo 62 del derogado Código Penal de 1974; (3) la condena impuesta en defecto del pago de una multa; (4) **aquella que deba cumplirse en años naturales** (5) [...] (Énfasis nuestro.)

Posteriormente, con la aprobación de la Ley Núm. 66-2022, el Artículo 11 del Plan Núm. 2-2011 fue nuevamente enmendado, a los efectos de disponer que, las bonificaciones allí dispuestas también deben concederse a las personas convictas que estén bajo el Programa de Libertad Bajo Palabra.

De igual manera, la Ley Núm. 66-2022 enmendó el Artículo 12 del Plan Núm. 2-2011, producto de lo cual, las bonificaciones adicionales serían extensivas a toda persona sentenciada, sin considerar el Código Penal aplicado para su sentencia y el Presidente de la Junta de Libertad Bajo Palabra quedó autorizado a conceder bonificaciones por estudio y trabajo a los convictos que estén disfrutando de los privilegios de dicho programa.

### III.

En su recurso, a pesar de que el recurrente no identifica señalamientos de error propiamente, expresa su inconformidad con la determinación del DCR de no aplicar a su sentencia condenatoria bonificaciones por buena conducta y asiduidad lo cual, a su entender, violenta su debido proceso de ley.

Luego de un análisis del recurso de epígrafe, de los documentos que forman parte del expediente ante esta Curia concluimos que, no se desprende que el DCR haya errado al emitir el dictamen recurrido.

Según expusimos en el tracto procesal, al adjudicar su solicitud, el DCR en su primer dictamen, reconoció el derecho de la

bonificación solicitada en el caso de desacato, sin embargo, se negó a aplicar al recurrente las bonificaciones a las demás convicciones debido a que, la Ley Núm. 87, *supra,* expresamente excluye de bonificar a quienes cumplen su sentencia en años naturales y ante una determinación de reincidencia agravada. Surge del expediente administrativo que, el recurrente cumple en años naturales su condena por infringir el Artículo 173 (robo) del Código Penal de Puerto Rico de 1974 y que incurrió en reincidencia agravada con respecto al Artículo 15 de la Ley Núm. 8 de 5 de agosto de 1987 *Ley para la Protección de la Propiedad Vehicular,* 9 LPRA sec. 3214.

En virtud de la normativa antes expuesta, y tal cual lo dispuso el DCR en su pronunciamiento, la Ley Núm. 87 le impide expresa e inequívocamente aplicar las bonificaciones al señor Rodríguez Cardona. Sobre tales bases, y debido a que el señor Rodríguez Cardona no es elegible a las bonificaciones por disposición de ley, confirmamos el dictamen recurrido.

**IV.**

Por los fundamentos antes expuestos, se confirma la *Respuesta al Miembro de la Población Correccional* impugnada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones