Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VI**

| | | |
|---|---|---|
| Juan Romero Hernández<br><br>Recurrente<br><br>vs.<br><br>Departamento de Corrección y Rehabilitación<br><br>Recurrida | TA2025RA00301 | **REVISIÓN ADMINISTRATIVA** procedente del Departamento de Corrección y Rehabilitación<br><br>Civil Núm.:<br><br>Sobre: |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de octubre de 2025.

Comparece por derecho propio el señor Juan Romero Hernández (Sr. Romero Hernández o recurrente), quien es miembro de la población correccional, a los fines de solicitar la revisión de una determinación emitida el 15 de agosto de 2025[1], por el Departamento de Corrección y Rehabilitación de Puerto Rico (Departamento de Corrección o agencia). Mediante el referido dictamen, la agencia le notificó al recurrente que su solicitud de traslado al Programa de Pre-Reinserción se encuentra bajo evaluación con la oficial de enlace de víctimas, según exige la Ley Núm. 163-2000, *infra.*

Al recurso le acompaña una Solicitud para Declaración de Indigencia. Tras evaluar esta petición, declaramos Ha Lugar la misma.

---

[1] Notificada el 22 de agosto de 2025.

Luego de evaluar el recurso sometido por el recurrente, prescindimos de la comparecencia de la parte recurrida y procedemos a resolver. Véase Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, a la pág. 15, 215 DPR __ (2025).

Examinada la solicitud de autos, la totalidad del expediente y el derecho aplicable, revocamos el dictamen recurrido a los fines de ordenar al Departamento de Corrección a someter el informe evaluativo, de conformidad con los Arts. 17, 18, 19 del Plan de Reorganización, *infra*, y el inciso (3) del Art. 2(g)[2] de la Carta de Derechos de las Víctimas, *infra*, y continuar los procedimientos, según expondremos a continuación.

## I.

El 7 de junio de 2024, el Departamento de Corrección y Rehabilitación remitió al Sr. Romero Hernández una Evaluación del Programa de Pre-Reinserción. Mediante este documento, la agencia le informó al recurrente que su traslado sería pospuesto. Al respecto, emitió el siguiente razonamiento:

> *Se refiere para evaluación adicional para cumplir con los [sic] dispuesto en el Plan de Reorganización #2-2011 en sus artículos 17, 18 y 19 de los derechos de las víctimas de delitos en los procesos relacionados con los Programas de Desvíos y Comunitarios.*[3]

En vista de lo informado, el 21 de mayo de 2025, el Sr. Romero Hernández presentó ante el Departamento de Corrección una Solicitud de Remedio Administrativo. En esta petición, especificó que, el 7 de junio de 2024, la agencia pospuso su traslado al Programa de Pre-Reinserción para cumplir con los requisitos del Plan de Reorganización, *infra*. Sin embargo, adujo que aún no ha recibido respuesta por parte de la agencia. Por ende, solicitó que su caso se atendiera con prontitud.

---

[2] Este inciso se adoptó en virtud de la Ley Núm. 163-2000.
[3] Entrada (3) del Sistema Unificado de Manejo y Administración de Caso del Tribunal de Apelaciones (SUMAC TA), Apéndice del Recurso de Revisión Judicial, Anejo I, pág. 1.

Así las cosas, el 15 de agosto de 2025, el Departamento de Corrección, por conducto de la División de Remedios Administrativos, emitió una Respuesta al Miembro de la Población Correccional[4]. En este dictamen, la agencia le informó al recurrente que su caso se encuentra aún bajo evaluación con la oficial de enlace de víctimas y testigos, en cumplimiento de la de Ley Núm. 163-2000[5].

En desacuerdo, el recurrente presentó una Solicitud de Reconsideración, fechada el 22 de septiembre de 2025, en la cual solicitó una respuesta definitiva referente al traslado pospuesto. No obstante, el 19 de septiembre de 2025, el Departamento de Corrección le remitió una Hoja Devolución Documentos a los Miembros de la Población Correccional[6]. En esta, le informó que presentó tardíamente su escrito de reconsideración.

Inconforme, el 16 de octubre de 2025, el Sr. Romero Hernández recurrió ante nos mediante un escrito denominado Revisión Judicial. En su recurso, esbozó los siguientes señalamientos de error:

> *Erró el DCR por conducto de la división de remedios administrativos atreves* [sic] *de la supervisora Sra. Maribel García Scharriez al no cumplir con su propio reglamento.*
>
> *Erró el DCR por conducto de la división de Programas y Servicios esto al proveer información no fehaciente sobre la gestión en cuanto al privilegio solicitado por el recurrente.*
>
> *Erró el DCR por conducto de la División de Programas y Servicios al no cumplir con lo que está establecido en nuestra Constitución en cuanto a la Rehabilitación de los confinados ya que este cualifica para el programa de pre-reinserción a la Libre Comunidad y se la* [sic] *el derecho a gozar de dicho privilegio cuando este reúne todos los requisitos y todo es favorable para dicha oportunidad y han dilatado el proceso por más de un (1) año y tres (3) meses.*

---

[4] Notificada el 22 de agosto de 2025.
[5] La precitada legislación incorporó una enmienda al inciso (g) del Art. 2 de la Carta de Derechos de las Víctimas y Testigos de Delito, Ley Núm. 22 de 22 de abril de 1988, según enmendada, 25 LPRA sec. 973a.
[6] Notificada el 26 de septiembre de 2025.

*Erró el DC por conducto de sus funcionarios que actuando injusta y caprichosamente en violación a las leyes y los reglamentos no han cumplido con su deber ministerial.*

**II.**

**A.**

Es norma reiterada que, los tribunales revisores estamos llamados a conceder deferencia a las decisiones de las agencias, pues estas poseen la experiencia y el conocimiento especializado sobre los asuntos que se les han delegado. *Katirias's Café v. Mun. de San Juan,* 2025 TSPR 33, 215 DPR ___ (2025); *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 35 (2018). En virtud de este principio, las determinaciones administrativas están revestidas de presunción de legalidad y corrección. *Capó Cruz v. Jta. Planificación et al.,* 204 DPR 581, 591 (2020); *García Reyes v. Cruz Auto Corp.,* 173 DPR 870, 892 (2008). Por lo que, solo es posible sustituir "el criterio de la agencia por el del tribunal revisor cuando no exista una base racional para explicar la decisión administrativa". *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* 213 DPR 743, 754 (2024); *Capó Cruz v. Jta. Planificación et al., supra,* a la pág. 591.

Cónsono con lo anterior, los tribunales revisores no debemos intervenir en las determinaciones de hechos siempre y cuando surja del expediente administrativo evidencia sustancial que las respalde. *The Sembler Co. v. Mun. De Carolina,* 185 DPR 800, 821-822 (2012). La evidencia sustancial es aquella prueba relevante la cual una mente razonable podría aceptar como adecuada para sostener una conclusión. *Capó Cruz v. Jta. de Planificación et al., supra,* a la pág. 591; *Rebollo v. Yiyi Motors,* 161 DPR 69, 76-77 (2004). Así pues, si en la solicitud de revisión la parte afectada no demuestra la existencia de otra prueba, entonces las determinaciones de hechos deben ser sostenidas por este tribunal

revisor. *Domínguez v. Caguas Expressway Motors, Inc.,* 148 DPR 387, 398 (1999).

En cambio, respecto a las conclusiones de derecho, tenemos autoridad para revisarlas en todos sus aspectos de acuerdo con la Sec. 4.5 de la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, según enmendada, 3 LPRA sec. 9675. Es decir, estamos facultados para revisarlas completa y absolutamente. *IFCO Recyclint v. Aut. Desp. Sólidos,* 184 DPR 712, 745 (2012); *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.,* 144 DPR 425, 436 (1997). Ello, pues, no podemos imprimir un sello de corrección a aquellas determinaciones o interpretaciones administrativas irrazonables, ilegales o contrarias a derecho. *Super Asphalt v. AFI y otro,* 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde,* 202 DPR 117, 127 (2019).

Ahora bien, tal facultad no implica "la sustitución automática del criterio e interpretación del organismo administrativo". *Capó Cruz v. Jta. Planificación et al., supra,* a la pág. 591; *Rebollo v. Yiyi Motors, supra* a la pág. 77. Nuestra deferencia cede en limitadas circunstancias, a saber, cuando: (1) la decisión no está basada en evidencia sustancial; (2) el organismo administrativo ha errado en la aplicación o la interpretación de las leyes o reglamentos; (3) ha mediado una actuación arbitraria, irrazonable o ilegal, o (4) la actuación administrativa lesiona derechos constitucionales fundamentales. V*oilí Voilá Corp. et al. v. Mun. Guaynabo, supra* a las págs. 754-755; *Super Asphalt v. AFI y otro, supra,* a la pág. 819.

**B.**

En virtud de sus funciones cuasilegislativas, el Departamento de Corrección adoptó el Reglamento de Remedios Administrativos Radicadas por los Miembros de la Población Correccional, Reglamento Núm. 8583, 4 de mayo de 2015

(Reglamento Núm. 8583). Este cuerpo reglamentario permite que los miembros de la población correccional presenten una Solicitud de Remedios en atención a aquella situación que afecte su calidad de vida y seguridad relacionada con su confinamiento. Regla IV (24), Reglamento 8583, *supra.*

De resultar inconforme con la decisión concerniente a su solicitud, el miembro de la población correccional podrá presentar un escrito de reconsideración dentro del término de 20 días, contados a partir del recibo de la notificación de la respuesta. Regla XIV (1), Reglamento 8583, *supra.* De acogerse su solicitud, el Coordinador de la División emitirá una *Respuesta de Reconsideración*, según establece la Regla IV (21) del Reglamento 8583, *supra:*

> *Resolución de Reconsideración – Escrito emitido por el Coordinador, en el cual se contesta la solicitud de reconsideración acogida, radicada por el miembro de la población correccional. Ésta deberá contener un breve resumen de los hechos que motivaron la solicitud, el derecho aplicable, y la disposición o solución a la controversia planteada.*

En descuerdo con el dictamen, el miembro de la población correccional podrá solicitar revisión judicial ante el Tribunal de Apelaciones dentro del término de 30 días calendarios, a partir de la fecha del archivo de autos de la copia de la notificación de la Resolución de Reconsideración. Regla XV, Reglamento 8583, *supra.*

### C.

La Constitución de Puerto Rico establece como política pública la reglamentación de las instituciones penales para propender de forma efectiva al tratamiento de la población correccional, así como a su rehabilitación moral y social. Art. VI, Sección 19, Const. ELA, LPRA Tomo I. En virtud de este imperativo constitucional, el Art. 4 del Plan de Reorganización del Departamento de Corrección, Ley Núm. 2-2011, según

enmendado, 3 LPRA, Ap. XVIII, Art. 4 (Plan de Reorganización o Ley Núm. 2) instaura la creación del Departamento de Corrección y Rehabilitación:

> *Se crea el Departamento de Corrección y Rehabilitación como el organismo en la Rama Ejecutiva responsable de implantar la política pública relacionada con el sistema correccional y de rehabilitación de adultos y menores, así como de la custodia de todos los ofensores y transgresores del sistema de justicia criminal del país.*

En armonía con lo anterior, el Departamento de Corrección adoptó el Proyecto para la Pre-Reinserción a la Libre Comunidad, Orden Administrativa DCR-2023-03 (Orden Administrativa DCR-2023-03), efectiva desde el 7 de septiembre de 2023. Este cuerpo legal procura que los miembros de la población correccional se adapten nuevamente a la vida en la libre comunidad, y puedan integrarse a la vida laboral como personas independientes y productivas.

Ahora bien, el confinado podrá beneficiarse de este programa si no constituye un riesgo para su propia seguridad, la de sus compañeros, la comunidad y las víctimas o las partes perjudicadas, según establece el inciso (A)(13) del apartado IV de la Orden Administrativa, *supra*. A esos fines, el inciso (C)(1) del referido acápite dispone que "[l]os Técnicos de Servicios Sociopenales de las Instituciones Correccionales serán responsables de evaluar los expedientes de los confinados e identificar los casos favorables". Además, el inciso (C)(8) del apartado IV de la Orden Administrativa, *supra*, preceptúa que se deberá notificar a las víctimas sobre el traslado.

Para viabilizar este proceso, el Art. 17 del Plan de Reorganización, *supra*, establece el siguiente procedimiento referente a la notificación de las víctimas:

> *El Departamento será responsable de notificar por escrito a la víctima del delito sobre el interés del miembro de la población correccional de beneficiarse del privilegio de participar de los programas de desvío y del*

*derecho de la misma a ser escuchada, dentro de un término no mayor de diez (10) días, a partir de la fecha en que el miembro de la población correccional exprese su interés de acogerse al privilegio antes mencionado.*

*Dicha notificación deberá enviarse a la última dirección postal conocida de la víctima e incluirá:*

*(a) la intención del miembro de la población correccional de beneficiarse de del privilegio de participar de los programas de desvío;*

*(b) la mención del delito o delitos por los cuales fue convicto el cliente;*

*(c) una relación de las disposiciones de ley o reglamento aplicables a la participación de la víctima en el procedimiento; y*

*(d) la dirección y número de teléfono de la oficina o el funcionario con el cual la víctima pueda comunicarse para recibir mayor información sobre su derecho de que se fije una vista. Deberán realizarse todos los esfuerzos a su alcance para localizar y notificar la víctima del delito, manteniendo evidencia de ello en el expediente del caso.*

*Deberán realizarse todos los esfuerzos a su alcance para localizar y notificar la víctima del delito, manteniendo evidencia de ello en el expediente del caso.* 3 LPRA, Ap. XVIII, Art. 17.

En esa dirección, el inciso (3) del Art. 2(g)[7] de la Carta de Derechos de las Víctimas y los Testigos de Delitos, Ley Núm. 22 de 22 de abril de 1988, 25 LPRA sec. 973a, según enmendada (Carta de Derechos de las Víctimas), requiere que se notifique a las víctimas sobre los siguientes asuntos:

*(g) Ser notificado por escrito del desarrollo de todas las etapas del proceso de investigación, procesamiento y sentencia del responsable del delito por lo cual deberá:*

.     .     .     .     .     .     .     .

*(3) ser informado por el Departamento de Corrección y Rehabilitación, según corresponda, en los casos en que el responsable del delito sea liberado por haber extinguido su sentencia, sea puesto en libertad a prueba (probatoria), en libertad bajo palabra, en libertad bajo supervisión electrónica, en libertad por una condición de salud, si es trasferido a una nueva institución correccional, si se encuentra en un hogar de adaptación social. La referida notificación se ha de realizar en un término no menor de treinta (30) días previo a la excarcelación.* (Citas omitidas).

---

[7] Este inciso se adoptó en virtud de la Ley Núm. 163-2000.

En consonancia con este trámite, el Art. 18 del Plan de Reorganización, *supra,* faculta al Comité de Derechos de la Víctimas de Delitos (Comité) a considerar el traslado, según se expone a continuación:

> *Se crea el Comité de Derechos de las Víctimas de Delito adscrito al Departamento, para hacer recomendaciones a éste en aquellos casos donde la víctima del delito se oponga o solicite expresar su opinión mediante el mecanismo de vista, cuando un miembro de la población correccional solicite participar de un programa de desvío.* 3 LPRA, Ap. XVIII, Art. 18.

De oponerse la víctima al traslado, el Comité podrá celebrar una vista, de conformidad el Art. 19 de la Ley Núm. 2-2011, *supra*:

> *Para propósitos de los programas de desvío, el Comité celebrará vistas sobre la evaluación de aquellos casos en los cuales la víctima se opone a la concesión del privilegio. Luego de la notificación inicial, la víctima tendrá un período de quince (15) días calendario para notificarle al Departamento si va o no a solicitar la celebración de una vista. Si al expirar dicho término, la víctima no ha solicitado la vista, se obviará la celebración de la misma, presumiendo así una falta de interés por parte de la víctima.*
>
> *Sólo se podrá obviar la celebración de la vista sobre la evaluación en aquellos casos que conste en el expediente del solicitante del programa, la notificación efectiva y certificada hecha a la víctima del delito de su derecho a que se celebre la vista; o que en su defecto, conste certificación de que se han realizado gestiones afirmativas y diversas para localizarla y notificarle y las mismas han resultado infructuosas.*
>
> *En aquellos casos en que la víctima renuncie al derecho que le asiste de la celebración de una vista de consideración del privilegio, deberá consignarlo por escrito en el documento provisto por el Departamento. Copia de dicha renuncia se mantendrá como parte del expediente del caso. De constar una renuncia expresa, el deseo de la víctima será respetado y no procederá la vista dispuesta por este Plan.*
>
> *En caso de que la víctima de delito indique que interesa la celebración de una vista de consideración del privilegio de programa de desvío, el Comité procederá a notificar por escrito a la víctima la fecha en que habrá de celebrarse la vista en la cual se considerará la solicitud del miembro de la población correccional.* 3 LPRA, Ap. XVIII, Art. 19.

**III.**

En el recurso presente, el Sr. Romero Hernández indica que su solicitud de traslado al Programa de Reinserción se encuentra pendiente de adjudicación desde el 7 de agosto de 2024. Señala que ese día la agencia le notificó que iniciaría un proceso adicional de evaluación concerniente a las víctimas. No obstante, aduce que aún no ha recibido respuesta sobre dicho proceso. Por ende, relata que acudió a la División de Remedios Administrativos, sin embargo, este ente le indicó que su caso se encuentra bajo evaluación con la oficial de enlace de víctimas. Ante esta esa respuesta, informa que solicitó oportunamente reconsideración el 2 de septiembre de 2025, pero la agencia resolvió que el término para someter dicho escrito venció el 13 de septiembre de 2025. Por lo anterior, solicita nuestra intervención para que revoquemos el dictamen recurrido.

Nos compete evaluar el alcance nuestra jurisdiccional a la luz del tracto procesal que rodea a este caso. Surge del expediente ante nos, que el 15 de agosto de 2025, el Departamento de Corrección, por conducto de la División de Remedios Administrativos, emitió una Respuesta al Miembro de la Población Correccional, notificada el 22 de agosto de igual año. Notamos que, el 2 de septiembre de 2025, el recurrente oportunamente presentó reconsideración, según consta fechada esa solicitud. A pesar de la diligencia desplegada por el Sr. Romero Hernández, la agencia optó por no acoger tal petición al entender que se sometió tardíamente. Ante ese contexto, resolvemos que el Departamento de Corrección erró al no acoger tal solicitud, pues esta se presentó oportunamente de conformidad con la Regla XIV (1), Reglamento 8583, *supra.*

Superado el análisis jurisdiccional, nos corresponde atender el recurso en sus méritos. Para ello, activamos nuestra facultad

revisora a los fines de brindar una solución justa y conforme a derecho. Así, pues, recordemos que, el 7 de junio de 2024, la agencia recurrida le informó al recurrente que pospondría su traslado para iniciar un proceso de evaluación adicional, en aras de garantizar el derecho de las víctimas. No obstante, observamos que, ha transcurrido más de un año, y aún el Sr. Hernández Romero no ha recibido respuesta sobre este asunto. Ante tales circunstancias, colegimos que, la agencia debió actuar con celeridad de conformidad con los mandatos de su ley y su reglamento previamente reseñados. Sin embargo, dicho organismo administrativo optó por desatender el reclamo levantado por el Sr. Hernández Romero.

**En vista de ello, nos corresponde brindar un remedio legal en atención a este escenario. Se le ordena al Departamento de Corrección a someter el informe evaluativo correspondiente, según exigen los Arts. 17, 18, 19 del Plan de Reorganización, *supra*, y el inciso (3) del Art. 2(g)[8] de la Carta de Derechos de las Víctimas, *supra*, dentro del término de treinta días, a partir de la notificación de este dictamen. Una vez someta el referido informe, la agencia deberá notificar al recurrente sobre este particular, para que este prosiga los trámites que considere pertinentes.**

En virtud de lo anterior, revocamos el dictamen recurrido, pues el Departamento de Corrección incidió al no acoger la solicitud de reconsideración presentada oportunamente por el Sr. Romero Hernández. Igualmente, erró al no proveerle al recurrente un remedio consistente con los cuerpos legales que rigen su adecuado funcionamiento. Por consiguiente, devolvemos el caso a la agencia a los fines de que continúe el procedimiento conforme a lo aquí establecido.

---

[8] Este inciso se adoptó en virtud de la Ley Núm. 163-2000.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte de este dictamen, revocamos la Respuesta al Miembro de la Población Correccional, emitida por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación de Puerto Rico.  Se le ordena a someter el informe evaluativo correspondiente, según exigen los Arts. 17, 18, 19 del Plan de Reorganización, *supra*, y el inciso (3) del Art. 2(g)[9] de la Carta de Derechos de las Víctimas, *supra*, dentro del término de treinta días, a partir de la notificación de este dictamen. **Una vez someta el referido informe, la agencia deberá notificar al señor Juan Romero Hernández sobre este particular, para que este prosiga los trámites que considere pertinentes.**  Así resuelto, se devuelve el caso a la agencia para la continuación de los procedimientos conforme a lo aquí establecido.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[9] Este inciso se adoptó en virtud de la Ley Núm. 163-2000.