Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| AUTORIDAD DE TRANSPORTE INTEGRADO<br><br>Recurrente<br><br>v.<br><br>NEGOCIADO DE SEGURIDAD DE EMPLEO<br><br>Recurrido | TA2025RA00131 | Revisión procedente del Departamento del Trabajo y Recursos Humanos<br><br>Caso Núm.: SJ-03776-24A<br><br>Sobre: Elegibilidad a los Beneficios de Compensación por Desempleo |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, la Jueza Romero García y el Juez Pérez Ocasio.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de octubre de 2025.

El Departamento del Trabajo y Recursos Humanos (la "Agencia") determinó que el recurrente, un empleado despedido por una corporación pública, es elegible para recibir beneficios por desempleo. Según se explica en detalle a continuación, concluimos que erró la Agencia, pues, según la abundante prueba documental presentada por el patrono (y erróneamente no considerada por la Agencia), el empleado fue despedido por conducta incorrecta, por lo cual no es acreedor a los referidos beneficios.

I.

El Sr. Samuel Pérez Sánchez (el "Empleado") trabajaba en un puesto regular de Gerente de Asuntos Financieros y Contabilidad, perteneciente al servicio de carrera en la Autoridad de Transporte Integrado ("ATI"), donde laboró por aproximadamente veintisiete (27) años.

Culminado el correspondiente trámite disciplinario, con fecha de 12 de julio de 2024, la ATI le cursó una carta al Empleado en la que se le informó la determinación de destituirlo de manera

inmediata por presuntamente incurrir en conducta inapropiada; actos contrarios a los deberes y obligaciones que establece el Reglamento para la Administración de Recursos Humanos de la ATI; posible infracción a la Ley de Ética Gubernamental; y ambiente hostil de trabajo.

En síntesis, según el Informe del Oficial Examinador, el Empleado mostró conducta inapropiada, altanera, prepotente e intimidante; realizó comentarios negativos de la agencia y de índole político en horas laborales, incluida la venta de taquillas para actividades políticas; realizó manifestaciones amenazantes de índole político-partidista; ocasionó la pérdida de fondos públicos por su actuación negligente en el desempeño de sus funciones; ponía música a un nivel de volumen alto; se ausentó de su trabajo por alegada enfermedad, mientras trabajaba en la Junta Administrativa de Voto Ausente y Voto Adelantado (JAVA) de la Comisión Estatal de Elecciones. Véase, *Informe del Oficial Examinador*, Apéndice 5 del recurso de revisión administrativa, Entrada [1] del SUMAC del TA, págs. 18-22.

Una vez cesó sus labores en la ATI, el Empleado solicitó a la Agencia los beneficios del seguro por desempleo. El 9 de septiembre de 2024, **el Negociado de Seguridad de Empleo (el "Negociado") emitió una declaración de inelegibilidad** por entender que el Empleado incurrió en conducta incorrecta al infringir, de forma repetida e injustificada, una norma de la ATI que perjudicó los intereses de esta.

Inconforme, el 9 de octubre, el Empleado instó una *Apelación Administrativa* ante la Árbitro de la División de Apelaciones de la Agencia. La Árbitro celebró una vista administrativa el 11 de diciembre.

El 29 de enero de 2025, la Árbitro emitió una *Resolución* en la que revocó la determinación de inelegibilidad del Negociado. En lo

pertinente a la controversia que nos ocupa, la Árbitro concluyó lo siguiente:

> [...]El reclamante tenía un puesto de carrera. Su caso de despido aún sigue pendiente para ser atendido ante la agencia, por lo que aún se desconoce si las conductas incorrectas que se le imputan fueron en efecto cometidas. El reclamante no había sido amonestado ni disciplinado en 27 años por conductas incorrectas e indica que no cometió los hechos. El patrono no presentó a la persona con conocimiento personal de los hechos o una que haya participado en la investigación; en este caso; la Sra. María Laborde. Por lo que este árbitro está obligada a darle credibilidad al testimonio ofrecido por el reclamante. No incurrió en conducta incorrecta con el trabajo, por lo que se concluye que no es de aplicación la Sección 4(B)(3) de la Ley de Seguridad de Empleo.

No conteste con dicho resultado, el 13 de febrero, la ATI apeló la determinación de la Árbitro ante el Secretario de la Agencia.

Celebrada una vista administrativa, el 3 de julio, la Agencia notificó una *Decisión del Secretario* (la "Decisión"), mediante la cual se confirmó la *Resolución* de la Árbitro y, por consiguiente, se reiteró la determinación de elegibilidad. Se formularon las siguientes determinaciones de hechos:

> 1. El reclamante se desempeñó como Gerente de Asuntos Financieros y de Contabilidad para el patrono Autoridad de Transporte Integrado de PR (ATI) desde el 13 de octubre de 1997 hasta el 12 de julio de 2024, aproximadamente veintisiete (27) años.
>
> 2. El reclamante fue despedido al imputársele violación al reglamento de personal de ATI, conducta inapropiada, posible violación a la Ley de Ética Gubernamental y ambiente hostil en el trabajo.
>
> 3. Al quedar desempleado, el reclamante solicitó los beneficios de seguro por desempleo. El 9 de septiembre de 2024, el Negociado de Seguridad de Empleo emitió una Determinación de inelegibilidad por entender que violó una norma de la compañía causando un efecto perjudicial a los intereses del patrono de forma repetida e injustificada, lo que constituye conducta incorrecta.
>
> 4. No conforme con la decisión, el reclamante solicitó una audiencia ante la Árbitro de la División de Apelaciones. La División de Apelaciones ordenó la celebración de una audiencia el 11 de diciembre de 2024. El 29 de enero de 2025, se notifica Resolución donde se revoca la Determinación de inelegibilidad del NSE a los beneficios de seguro por desempleo, a tenor

con la Sección 4(b)(3) de la Ley de Seguridad de Empleo de Puerto Rico.

5. El patrono presentó recurso de Apelación donde indica no estar conforme con la decisión de la Árbitro.

6. Se celebró audiencia vía telefónica ante el Secretario el 29 de abril de 2025. El patrono, Autoridad de Transporte Integrado de PR (ATI) estuvo representado por Alberto Martínez Rodríguez, Director de Recursos Humanos y su representante legal, Lcda. Maytte Texidor López, también compareció Glenda González. El reclamante Samuel Pérez Sánchez compareció junto a su representante legal, Lcdo. Iván Garau Díaz.

7. Obran en el expediente elevado al Foro los documentos que la Árbitro tuvo ante sí, presentados como prueba documental por el patrono apelante. Estos son:

   a) Informe de la Oficial Investigadora Lcda. María l. Almodóvar Laborde, con fecha de 30 de mayo de 2024, sobre Investigación Administrativa (Acción Disciplinaria) con relación a Samuel Pérez Sánchez.

   b) Carta de 31 de mayo de 2024 dirigida al Sr. Samuel Pérez Sánchez, firmada por Josué L. Menéndez Agosto, director ejecutivo de ATI.

   c) Carta de 12 de julio de 2024 dirigida al Sr. Samuel Pérez Sánchez, firmada por Josué L. Menéndez Agosto, director ejecutivo de ATI.

   d) Informe del Oficial Examinador Lcdo. Hans R. Mercado González, con fecha de 12 de julio de 2024, sobre Vista Administrativa, Formulación de Cargos con relación a Samuel Pérez Sánchez.

8. Obra en el expediente elevado al Foro la Querella de Discrimen presentada a la Unidad Antidiscrimen Federal el 11 de octubre de 2024 por el Sr. Samuel Pérez Sánchez, la que fue jurada y suscrita ante una investigadora de querellas de discrimen.

9. Surge de las audiencias ante la Árbitro y ante la OAS que ATI tiene un reglamento de personal, pero no fue presentado como parte de la prueba documental ante la Árbitro.

10. Surge de las audiencias ante la Árbitro y ante la OAS que previo a los hechos imputados por el patrono, el reclamante no había sido amonestado ni disciplinado por conducta incorrecta durante sus 27 años de servicio en ATI.

11. Surge de las audiencias ante la Árbitro y ante la OAS que hay un procedimiento ante un juez administrativo de la ATI con relación al proceso del despido, el que no ha concluido y en el cual el reclamante solicitó una audiencia que está en proceso.

12. Surge de la audiencia ante la Árbitro que Alberto Martínez Rodríguez, director ejecutivo hizo admisión de parte que obtuvo conocimiento de los hechos imputados al reclamante mediante una comunicación que le fue enviada el 14 de mayo de 2023. De igual forma, que se ordenó una investigación que no fue realizada por él, sino por la Lcda. María I. Almodóvar Laborde, una investigadora independiente. El Sr. Martínez admitió que no entrevistó a los empleados a los que alegadamente se les hicieron pagos indebidos y que no había realizado investigación en cuanto a las alegaciones de que el reclamante fue despedido por su afiliación política.

13. Surge de la Audiencia ante la Árbitro que el reclamante recibió una carta sobre intención de despido en mayo de 2024. El 3 de junio de 2024 fue suspendido de empleo y no pudo regresar a sus labores.

14. En la audiencia ante el Secretario el patrono aclaró el hecho de que la investigadora Lcda. María Isabel Almodóvar Laborde, es una contratista independiente y no empleada de ATI como se expresó en la resolución. Aclarado el hecho, este argumentó que la Lcda. Almodóvar realizó una investigación donde entrevistó a varios empleados con conocimiento de los hechos incluyendo al director de recursos humanos Alberto Martínez, a quien se alega el reclamante le hizo un acercamiento para la compra de una taquilla para una actividad política. El patrono sostuvo que la investigación comenzó por los acercamientos relacionados a actividades político partidistas. La investigación de la Lcda. Almodóvar, concluyó que, el reclamante fue negligente en el descargue de sus funciones como gerente de asuntos financieros, ya que no realizó ajustes en las nóminas de tres personas. Además, que incumplió con las normas de comportamiento correcto y respetuoso; la Ley de Ética Gubernamental y el uso de licencia de enfermedad para asuntos personales.

15. El patrono discutió los asuntos pertinentes al proceso de despido ante el oficial administrativo de ATI. El 12 de julio de 2024, el director ejecutivo de ATI Josué Meléndez Agosto, firmó la carta donde se determina la destitución del reclamante a su puesto de asuntos financieros y de contabilidad.

16. En conclusión, el patrono entiende que los cuatro documentos presentados en evidencia son suficientes para demostrar el incumplimiento de Samuel Pérez Sánchez con las normas y el reglamento de ATI. Ello, conforme el debido proceso de ley aprobado para este tipo de procesos como prueba sustancial válida conforme LPAU y que su conducta es indebida, lo que lo descalifica para recibir los beneficios de desempleo.

17. Por su parte, el representante del reclamante argumentó que en la vista evidenciaría no se estableció que los comparecientes tuvieran conocimiento personal de los hechos; y que no se presentó un solo documento

bajo declaración jurada, por lo cual, la prueba es insuficiente. La persona que preparó el informe no tuvo conocimiento personal de los hechos alegados. Con relación a los errores de nómina expresó que estos eran manejados por la plataforma UKG, la que era digitalizada y tenía errores. Hubo admisión de que Samuel Pérez Sánchez era político partidista pero que no cometió ninguna violación al Código de Ética porque las actividades las realizaba fuera de sus horas laborales. El reclamante niega haber vendido taquillas de eventos políticos al director de recursos humanos. Por último, alegó que el reclamante previo al proceso administrativo que enfrentaba nunca había sido amonestado ni disciplinado y que su despido está basado en sus ideas políticas.[1]

La Agencia concluyó que la ATI no demostró la existencia de circunstancias extraordinarias, o indicios de pasión, perjuicio, parcialidad o error manifiesto en la adjudicación de credibilidad realizada por la Árbitro de la División de Apelaciones, de modo tal que le permitiera sustituir dicha apreciación.

La Agencia destacó que la ATI presentó prueba de referencia preparada por terceras personas que no participaron de la vista evidenciaria. Subrayó que el representante de la ATI admitió no tener conocimiento personal de los hechos que se le imputaron al Empleado, a excepción de la oferta de una taquilla para un evento político. Finalmente, la Agencia enfatizó que no pasaba juicio sobre la legalidad del despido del Empleo.

En desacuerdo, el 2 de agosto, la ATI interpuso el recurso de referencia. Formuló los siguientes señalamientos de error:

PRIMER ERROR La Oficina de Apelaciones ante el Secretario (OAS) cometió error al sostener que la prueba documental presentada por la Autoridad de Transporte Integrado (ATI) constituía prueba de referencia inadmisible, al exigir erróneamente la comparecencia de testigos con conocimiento personal como única vía válida para probar la conducta impropia del reclamante.

SEGUNDO ERROR Erró la OAS al concluir que la conducta imputada al reclamante no fue reiterada, intencional ni sustancialmente negligente, pese a la evidencia clara y contundente en el expediente administrativo que demuestra un patrón de

---

[1] Véase, *Decisión*, Apéndice 10 del recurso de revisión administrativa, Entrada [1] del SUMAC del TA, págs. 186-189.

negligencias, irregularidades y violaciones a reglamentos internos de ATI.

TERCER ERROR La OAS cometió error al fundamentar su determinación en la supuesta ausencia de reglamentos escritos presentados en evidencia sobre normas internas de ATI, ignorando que dichos reglamentos son públicos, oficiales, y presumiblemente conocidos por el reclamante en virtud de su puesto gerencial.

El 14 de agosto, el Empleado presentó, por derecho propio, una *Oposición a Recurso de Revisión Judicial.* Resolvemos[2].

## II.

El Artículo 4.002 de la Ley 201-2003, Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, 4 LPRA sec. 24u, dispone que el Tribunal de Apelaciones tendrá jurisdicción para revisar "como cuestión de derecho [...] las decisiones finales de los organismos y agencias administrativas". De igual modo, el Artículo 4.006 de la Ley 201-2003, 4 LPRA sec. 24y, establece la revisión judicial "de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas".

Por su parte, en lo atinente al alcance de la revisión judicial de las determinaciones de las agencias administrativas, la Sección 4.5 de la Ley Núm. 38-2017 ("LPAU"), 3 LPRA sec. 9675, establece lo siguiente:

El tribunal podrá conceder el remedio apropiado si determina que el recurrente tiene derecho a un remedio.

Las determinaciones de hechos de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo.

Las conclusiones de derecho serán revisables en todos sus aspectos por el tribunal.

Así pues, la revisión judicial de una decisión administrativa se ciñe a analizar: (1) si el remedio concedido por la agencia fue el

---

[2] Por las razones consignadas en *Vázquez Cruz v. Negociado*, Sentencia en Reconsideración de 30 de noviembre de 2020 (KLRA201900717), concluimos que la ATI tiene legitimación activa en este caso. Distinto a lo que sucede en el contexto de un patrono privado, y según la ATI acreditó, dicha entidad tiene que sufragar de sus arcas los beneficios que la Agencia desembolse al Empleado.

apropiado; (2) si las determinaciones de hecho realizadas por la agencia estuvieron sustentadas por prueba sustancial que surgió del expediente administrativo, y (3) si, mediante una revisión completa y absoluta, las conclusiones de derecho fueron correctas. *Katiria's Café, Inc. v. Mun. Aut. de San Juan*, 2025 TSPR 33 a la pág. 11, 215 DPR __ (2025), citando a *Pagán Santiago et al. v. ASR,* 185 DPR 341, 358 (2012). Por su parte, en cuanto a las conclusiones de derecho, los tribunales apelativos tienen la facultad de revisarlas en todos sus aspectos. *Vázquez, et al v. DACo.*, 2025 TSPR 56 a la pág. 31, 215 DPR ___ (2025); Véase, además, Sec. 4.5 de la LPAU, *supra.*

La deferencia a la determinación de una agencia administrativa cede cuando: (1) no está basada en evidencia sustancial; (2) el ente administrativo erró al aplicar o interpretar las leyes o los reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó de forma arbitraria, irrazonable o ilegal, realizando determinaciones carentes de una base racional, o (4) cuando la actuación administrativa lesiona derechos constitucionales fundamentales. *Jusino Rodríguez v. Junta de Retiro*, 2024 TSPR 138 a la pág. 7, 215 DPR __ (2024) (Citas omitidas).

Destacamos que la evidencia sustancial se define como la "prueba relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 127-128 (2019); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 36 (2018), *Hilton Hotels v. Junta Salario Mínimo*, 74 DPR 670, 686 (1953). A su vez, se desprende de la sección precitada que el expediente administrativo constituye la base exclusiva para la decisión de la agencia en un procedimiento adjudicativo, así como para la subsiguiente revisión judicial. Véase, además, Sección 3.18 de la LPAU, 3 LPRA sec. 9658; *Graciani Rodríguez,* 202 DPR a la pág. 128.

### III.

La Ley Núm. 74 de 21 de junio de 1956 (Ley Núm. 74), según enmendada, conocida como Ley de Seguridad de Empleo de Puerto Rico, 29 LPRA sec. 701 *et seq.*, tiene como propósito promover la seguridad de empleos facilitando las oportunidades de trabajo por medio del mantenimiento de un sistema de oficinas públicas de empleo y proveer para el pago de compensación a personas desempleadas por medio la acumulación de reservas. *Acevedo v. Western Digital Caribe, Inc.*, 140 DPR 452, 466 (1996). Este estatuto establece los requisitos para cualificar a los beneficios por desempleo y los parámetros para determinar las contribuciones que deben pagar los patronos para sufragar el fondo de desempleo. *Íd.*

Asimismo, en la Ley Núm. 74 se expresan las condiciones de elegibilidad para recibir los beneficios de desempleo. 29 LPRA sec. 704. En lo pertinente al recurso de referencia, la Ley Núm. 74 establece varios criterios de descalificación entre los que se encuentra el reglamentado por la Sección 4 (b), a saber:

> (b) Descalificaciones. — Un trabajador asegurado no será descalificado para recibir crédito por semana de espera o beneficios por cualquier semana de desempleo a menos que, con respecto a dicha semana, el Director determine que:
> [...]
> (3) fue despedido o suspendido por conducta incorrecta en relación con su trabajo, en cuyo caso no podrá recibir beneficio por la semana en que fue despedido o suspendido y hasta que haya prestado servicios en empleo cubierto bajo esta ley o bajo la ley de cualquier estado de los Estados Unidos durante un período no menor de cuatro (4) semanas y haya devengado salarios equivalentes a diez (10) veces su beneficio semanal;

29 LPRA sec. 703(b)(3).

### IV.

Examinado detenidamente el récord administrativo, concluimos que erró la Agencia, pues el récord demuestra que el Empleado fue despedido por "conducta incorrecta en relación con

su trabajo"[3]. Contrario a lo razonado por la Agencia, como cuestión de derecho, se podía y se tenía que considerar la prueba documental aportada por ATI, la cual refleja que ATI actuó luego de un proceso formal durante el cual se acumuló abundante prueba sobre conducta incorrecta por parte del Empleado.

En efecto, la investigación de ATI conllevó entrevistas a catorce (14) empleados de la agencia, luego de lo cual se constató que el Empleado, entre otros asuntos, "realizó comentarios ... de índole político en horas laborables, incluyendo la venta de taquillas para actividades políticas..."; "fue negligente en el desempeño de sus funciones ... ocasionándo[] pérdidas de fondos públicos"; mientras estuvo ausente por "enfermedad", se encontraba "realizando labores en J.A.V.A. de la Comisión Estatal de Elecciones"; y ponía música en su oficina a un volumen inapropiadamente alto. Incluso, ante la propia Agencia, el Director de Recursos Humanos de ATI declaró que el Empleado "le ofreció una taquilla de una actividad política ... en horas laborables para que este la comprara". Del récord surge el contenido de cada una de las referidas entrevistas, realizadas por una investigadora contratada por ATI para dicho fin. Subrayamos que, durante el proceso formal en ATI, el Empleado optó por no comparecer para defenderse.

La referida prueba documental de ATI consiste en récords de negocio de la ATI que demuestran que el despido del Empleado obedeció estrictamente a la apreciación de ATI, luego de una investigación formal, de que el Empleado había incurrido en un

---

[3] En palabras del propio Secretario del Departamento del Trabajo, conducta incorrecta es "la violación intencionada por parte del empleado en el desempeño de sus deberes, responsabilidades o en el comportamiento que el patrono tiene derecho a esperar. En otras palabras, la conducta indebida puede ser una acción o una omisión que es deliberada y sustancialmente negligente, y que afecta adversamente los legítimos intereses comerciales del patrono. La negligencia simple, sin intención de hacer daño, no se considera generalmente como conducta indebida ni tampoco la ineficiencia, la conducta insatisfactoria más allá del control del reclamante o los errores de juicio o discreción cometidos de buena fe". Véase, *Decisión*, Apéndice 10 del recurso de revisión administrativa, Entrada [1] del SUMAC del TA, pág. 190.

patrón de conducta incorrecta. El récord incluye un detallado informe de catorce (14) páginas de la Oficial Investigadora de ATI, así como un fundamentado Informe, también de catorce (14) páginas, preparado por un Oficial Examinador de ATI.

La Agencia erró al considerar que no podía considerar esta evidencia documental. Adviértase que, en el contexto de un proceso administrativo como el de referencia, de ordinario, las Reglas de Evidencia no aplican. *OEG v. Rodríguez,* 159 DPR 98, 112 (2003). Claro está, "los principios fundamentales de evidencia se podrán utilizar para lograr una solución rápida, justa y económica del procedimiento". Sección 3.13 de la LPAU, 3 LPRA sec. 9553. Por consiguiente, se puede admitir prueba de referencia en procedimientos administrativos. *Otero v. Toyota,* 163 DPR 716, 733 (2005). Así pues, contrario al razonamiento central de la Agencia, no tiene pertinencia que ATI no presentara ante dicha entidad testigos con conocimiento personal de todos los hechos en los cuales descansó ATI para despedir al Empleado.

En fin, el primer error señalado por ATI se cometió y, considerando que la decisión de la Agencia se basó exclusivamente en su determinación (errada, como cuestión de derecho) de que no podía considerar la evidencia documental presentada por ATI, procede la revocación de la decisión recurrida.

V.

Por los fundamentos que anteceden, se revoca el dictamen recurrido.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones