ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| ROGELIO RIVERA<br><br>Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Recurrido | **TA2025RA00356** | *REVISIÓN ADMINISTRATIVA* procedente de LA Junta de Libertada Bajo Palabra<br><br>Caso Núm.: 150029<br><br>Sobre: No Jurisdicción |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 20 de enero de 2026.

Comparece ante este foro el Sr. Rogelio Rivera (señor Rivera o "el recurrente") y nos solicita que revisemos una *Resolución* emitida por la Junta de Libertad Bajo Palabra (JLBP o "parte recurrida") notificada el 24 de septiembre de 2025. Mediante el referido dictamen, la JLBP se declaró sin jurisdicción para atender el caso, debido a que, el señor Rivera no había cumplido con la totalidad de la pena por el delito de tentativa de actos lascivos.

Por los fundamentos que expondremos a continuación, los cuales son aceptados por la JLBP, **REVOCAMOS** la *Resolución* recurrida y devolvemos el caso ante la Junta de Libertad Bajo Palabra.

### I.

El 28 de febrero de 2013, el foro primario dictó una *Sentencia*, en la cual surge que el señor Rivera se declaró culpable por el delito de Tentativa del Artículo 199 del Código Penal de 2004 (2do grado) (2 cargos).[1]

---

[1] *Sentencia*, apéndice núm. 5 en el recurso en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

Por ello, se le condenó una pena de reclusión de cuatro (4) años y un (1) día de cárcel en cada uno de los cargos, que por disposición del Artículo 79 del Código Penal de 2004, por lo que, cumpliría ocho (8) años y dos (2) días de cárcel consecutivos con cualquier otra pena que estuviera cumpliendo.

El 11 de abril de 2013, el Tribunal de Primera Instancia dictó una *Sentencia* contra el recurrente por infracciones a los Artículos 5.15 y 5.04 (2 cargos) de la Ley de Armas; infracción al Artículo 198 del Código Penal; violaciones al Artículo 204, Artículo 286 y Artículo 142(c) (4 cargos) del Código Penal.[2] Por ello, fue condenado a una pena de reclusión de cincuenta y seis (56) años y dos (2) días.

Posteriormente, el 30 de mayo de 2024, el Departamento de Corrección y Rehabilitación (DCR) refirió el caso a la Junta de Libertad Bajo Palabra.

No obstante, el 21 de abril de 2025, la JLBP emitió una *Resolución Interlocutoria,* en la cual ordenó al DCR a que confeccionara una nueva hoja de liquidación de sentencia a base de la Sección 3 de la Ley Núm. 85-2024.[3]

Posteriormente, el 24 de septiembre de 2025, la JLBP notificó la *Resolución* recurrida.[4] En esta, determinó que el señor Rivera había sido convicto por el delito de Agresión Sexual con una sentencia de cuatro (4) años, pero que no había cumplido la totalidad de la pena por el delito de Tentativa de Actos Lascivos. Siendo así, la JLBP se declaró sin jurisdicción para atender el caso conforme a la Ley Núm. 85-2024.[5]

---

[2] *Sentencia*, apéndice núm. 6 en el recurso en SUMAC.
[3] *Resolución Interlocutoria*, apéndice núm. 8 en el recurso en SUMAC.
[4] *Resolución,* apéndice núm. 2 en el recurso en SUMAC.
[5] La precitada Ley enmendó la Ley Núm. 85-2022, la cual reduce considerablemente el mínimo de cumplimiento de sentencias

En desacuerdo, el 2 de octubre de 2025, el recurrente presentó una *Moción de Reconsideración de No Jurisdicción (Ley Núm. 85-2024) para la Concesión de Libertad Bajo Palabra*.[6] Alegó que, desde el 6 de noviembre de 2017, era elegible para el privilegio de libertad bajo palabra. Asimismo, señaló que el fundamento de la JLBP al denegar el privilegio a base de las disposiciones de la Ley Núm. 85-2024, era contrario a derecho. Sostuvo que, al momento de aprobarse la Ley, ya había sido referido a la Junta, por lo que, estaba bajo su jurisdicción. A su vez, resaltó que aplicar de manera retroactiva la Ley Núm. 85-2024, constituía una violación al principio de legalidad penal, al debido proceso de ley y a la prohibición constitucional de leyes ex post facto.

Transcurrido el término sin que la JLBP atendiera la moción de reconsideración, el 17 de noviembre de 2025, el señor Rivera presentó el recurso de epígrafe, en el cual planteó los siguientes señalamientos de error:

> ABUSÓ DE SU DISCRECIÓN LA JLBP AL DECLARARSE SIN JURISDICCIÓN EN EL PRESENTE CASO AL APLICAR RETROACTIVAMENTE LA LEY 85-2024, VIOLENTANDOSE ASI EL PRINCIPIO CONSTITUCIONAL QUE PROHIBE LEYES EX POST FACTO.

> LA ACTUACIÓN DE LA JUNTA DE LIBERTAD BAJO PALABRA CONSTITUYE UNA VIOLACIÓN DERECHO CONSTITUCIONAL DEL RECURRENTE A UN DEBIDO PROCESO DE LEY YA QUE LE PRIVA DE DISFRUTAR DEL PRIVILEGIO SOLICITADO A PESAR DE TENER CUMPLIDAS SUS SENTENCIAS EXCLUYENTES AL AMPARO DE LA LEY 85-2024 Y DE TRATARSE DE UN MENOR DE EDAD JUZGADO COM ADULTO EN ESTOS CASOS.

---

consecutivas para ser elegible a la consideración de la JLBP, para entre otras cosas, reafirmar que la Ley Núm. 85-2022 no aplicaba cuando la persona había sido convicta por los delitos de secuestro, agresiones sexuales en todas sus modalidades, actos lascivos, incluyendo sus tentativas, entre otros delitos.
[6] *Moción de Reconsideración de No Jurisdicción (Ley Núm. 85-2024) para la Concesión de Libertad Bajo Palabra*, apéndice núm. 4 en el recurso en SUMAC.

El 18 de noviembre de 2025, emitimos una *Resolución*, en la cual le concedimos a la parte recurrida el término dispuesto en nuestro Reglamento, según enmendado, para que presentara su alegato en oposición.

El 22 de diciembre de 2025, la JLBP presentó su Escrito en Cumplimiento de Resolución.

Con el beneficio de la comparecencia de las partes, procederemos a resolver el caso de epígrafe.

**II.**

**-A-**

Los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, puesto que, estas cuentan con vasta experiencia y pericia para atender aquellos asuntos que se les han sido delegados por la Asamblea Legislativa. *Katiria´s Café, Inc. v. Municipio Autónomo de San Juan*, 2025 TSPR 33, 215 DPR ___ (2025); *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99, 114 (2023); *OEG v. Martínez Giraud*, 210 DPR 79, 87-89 (2022); *Pérez López v. Depto. Corrección*, 208 DPR 656, 672 (2022); *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 126 (2019); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018). Es por ello, que, tales determinaciones suponen una presunción de legalidad y corrección, que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas. *Íd*. No obstante, tal norma no es absoluta, por ello, nuestro Tribunal Supremo ha enfatizado que no podemos imprimirle un sello de corrección, so pretexto de deferencia a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho.

En *Torres Rivera v. Policía de Puerto Rico*, 196 DPR 606, 628 (2016), el Tribunal Supremo de Puerto Rico resumió las normas básicas en torno al alcance de la revisión judicial de la forma siguiente:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero tal deferencia cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que, si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos procede que se valide la interpretación que realizó la agencia administrativa recurrida.

El criterio rector bajo el cual los tribunales deben revisar las decisiones administrativas es el criterio de razonabilidad. *Hernández Feliciano v. Mun. Quebradillas*, supra, pág. 115; *OEG v. Martínez Giraud,* supra, pág. 90; *Super Asphalt v. AFI y otro*, supra, pág. 820; *Graciani Rodríguez v. Garaje Isla Verde,* supra, pág. 127; *Torres Rivera v. Policía de PR*, supra, pág. 626. Bajo este criterio, se limita la revisión judicial a dirimir si la agencia actuó de forma arbitraria o ilegal, o de manera tan irrazonable que su actuación constituye un abuso de discreción. *Íd.; Pérez López v. Depto. Corrección*, supra, pág. 673; *Super Asphalt v. AFI y otro*, supra, pág. 819-820; *Rolón Martínez v. Supte. Policía,* supra, pág. 36; *Batista, Nobbe v. Jta. Directores,* supra, pág. 216.

Por otra parte, la Sección 4.5 de la Ley Núm. 38 del 30 de junio de 2017, 3 LPRA sec. 9675, conocida como

la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), "estableció el marco de revisión judicial de las agencias administrativas." *Rolón Martínez v. Supte. Policía*, supra, pág. 35. La intervención del tribunal se limita a tres áreas, a saber: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si las conclusiones de derecho del ente administrativo fueron correctas. *Íd.*, págs. 35-36; *Hernández Feliciano v. Mun. Quebradillas*, supra; *OEG v. Martínez Giraud*, supra; pág. 89; *Torres Rivera v. Policía de PR,* supra, págs. 626-627; *Batista, Nobbe v. Jta. Directores,* supra, pág. 217. Véase, además: Secc. 4.5 de la LPAU, 3 LPRA sec. 9675. Nuestro Tribunal Supremo expresó que, esta intervención "debe ocurrir cuando la decisión administrativa no se fundamente en evidencia sustancial o cuando la agencia se equivoque en la aplicación de la ley." *Rolón Martínez v. Supte. Policía*, supra, pág. 36. Siendo así, aquellas determinaciones de hechos formuladas por el ente administrativo deberán sostenerse cuando estén basadas en evidencia sustancial que surja del expediente administrativo considerado en su totalidad. *Íd.*; *Hernández Feliciano v. Mun. Quebradillas,* supra; *OEG v. Martínez Giraud*, supra, pág. 90; *Super Asphalt v. AFI y otro,* supra.

Por otro lado, las determinaciones de derecho pueden ser revisadas en su totalidad. *Rolón Martínez v. Supte. Policía,* supra; *Torres Rivera v. Policía de PR,* supra, pág. 627. Véase, además: Secc. 4.5 LPAU, 3 LPRA

sec. 9675. No obstante, los tribunales deberán darle peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes particulares que administra. *Rolón Martínez v. Supte. Policía,* supra, págs. 36-37; *Torres Rivera v. Policía de PR,* supra. El Tribunal Supremo de Puerto Rico ha dispuesto que, la deferencia que le deben los tribunales a la interpretación que haga el ente administrativo sobre aquellas leyes y reglamentos que le corresponde poner en vigor, cede si la agencia: (1) erró al aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente; o (3) lesionó derechos constitucionales fundamentales. *Íd*. págs. 627-628; *OEG v. Martínez Giraud*, supra.

Finalmente, nuestro más Alto Foro determinó que, conforme lo anterior, el criterio administrativo no podrá prevalecer en aquellas instancias donde la interpretación estatutaria realizada por una agencia provoque un resultado incompatible o contrario al propósito para el cual fue aprobada la legislación y la política pública que promueve. Así, "la deferencia judicial al *expertise* administrativo, concedido cuando las agencias interpretan la ley, tiene que ceder ante actuaciones que resulten irrazonables, ilegales o que conduzcan a la comisión de una injusticia." *Íd*. págs. 90-91.

-B-

El Artículo 4.006 (c) de la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico*, Ley 201-2003, 4 LPRA secc. 24y, establece la competencia del Tribunal de Apelaciones para la revisión de decisiones, órdenes y resoluciones finales emitidas por los organismos administrativos. El mismo inciso, dispone además que el

procedimiento a seguir en dichos casos se hará de acuerdo a las disposiciones de la LPAU.

A esos efectos, y en lo pertinente al caso de marras, la Sección 4.2 de la LPAU, *supra*, dispone como norma general que una parte adversamente afectada por una determinación final de una agencia administrativa puede presentar una solicitud de revisión ante esta segunda instancia judicial. En específico, la referida sección establece lo siguiente:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

### III.

En el caso de autos, el señor Rivera alega que incidió la JLBP al declararse sin jurisdicción debido a que aplicó retroactivamente la Ley Núm. 85-2024, violando el principio constitucional que prohíbe las leyes ex post facto. Sostiene que, era elegible para el privilegio desde el 6 de noviembre de 2017. Asimismo, señaló que el derecho vigente en el momento que fue sentenciado en el 2013, los delitos de violación no estaban excluidos del privilegio de libertad bajo palabra. Por lo que, reiteró que la JLBP al aplicar retroactivamente la Ley Núm. 85-2024, su caso resulta ser más oneroso debido a que aumenta la cantidad de tiempo que tendría que permanecer encarcelado.

**Por su parte, la JLBP expresó que la *Resolución* recurrida excluye al recurrente de la jurisdicción por un delito del cual no fue sentenciado, tentativa de actos lascivos. Por ello, solicitan la devolución del caso para que puedan realizar la correspondiente evaluación y adjudicación, junto con la *Hoja de Liquidación de Sentencia* actualizada.**

En el caso del señor Rivera, la JLBP se declaró sin jurisdicción para atenderlo, debido a que no había cumplido la totalidad de la pena por el delito de Tentativa de Actos Lascivos. No obstante, la Junta en su alegato reconoce que la *Resolución* recurrida adolece de errores sobre el delito por el cual fue excluido de la jurisdicción, y amerita se corrija para que puedan realizar la correspondiente evaluación y adjudicación.

Por ello, revocamos y devolvemos el caso ante la agencia recurrida para que se realice la correspondiente evaluación y adjudicación conforme a la Hoja de Liquidación de Sentencia actualizada y determine correctamente si el señor Rivera cumple con los criterios para recibir el privilegio de libertad bajo palabra.

## IV.

Por los fundamentos antes expuestos, **REVOCAMOS** la *Resolución* recurrida y devolvemos el caso ante la Junta de Libertad Bajo Palabra.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones