Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| ELIUT BESARES ROSADO<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2025RA00353 | REVISIÓN JUDICIAL Procedente del Departamento de Corrección y Rehabilitación<br><br>Querella Número: 310-14-081 |
| --- | --- | --- |

Panel integrado por su presidenta, la jueza Lebrón Nieves, el juez Pagán Ocasio y la jueza Álvarez Esnard.

Álvarez Esnard, jueza ponente

## SENTENCIA

En San Juan, Puerto Rico, a 26 de enero de 2026.

Comparece ante nos, por derecho propio, e *in forma pauperis,* el señor Eliut Besares Rosado ("señor Besares Rosado" o "Recurrente") mediante documento intitulado *Apelaci[ó]n en Solicitud a una determinación de Procedimiento Disciplinario,* recibido el 6 de noviembre de 2025, el cual se clasificó como un recurso de revisión judicial y se le asignó la denominación alfanumérica TA2025RA00353. Por virtud de este escrito, el señor Besares Rosado recurre de la *Resolución* emitida y notificada el 8 de agosto de 2025, por el Departamento de Corrección y Rehabilitación ("DCR" o "agencia recurrida"). Al amparo del referido dictamen, la agencia recurrida determinó que el Recurrente incurrió en una falta disciplinaria por no obedecer una orden directa.

Por los fundamentos que expondremos a continuación, **confirmamos** el dictamen recurrido.

### I.

Surge del expediente ante nos que, el 4 de junio de 2025, el oficial Rigoberto Fuentes presentó *Informe de Querella de*

*Incidente.*[1] Por virtud de este documento, se le imputó al Recurrente la comisión de un acto prohibido menos grave, a saber, "desobedecer una orden directa".[2] Concretamente, del aludido documento se desprende que "el confinado en referencia desobedeci[ó] una orden directa impartida de repartir los alimentos a lo que se neg[ó], estando asignado por el [á]rea de sociales para realizar dicha labor".[3]

Posteriormente, el 7 de julio de 2025, el Oficial de Querellas, le entregó al Recurrente el *Reporte de Cargos* en el cual se le notificó al señor Besares Rosado que se le imputaba la comisión del acto prohibido de desobedecer una orden directa.[4]

Así pues, el Recurrente fue citado a una vista administrativa disciplinaria pautada para el 29 de julio de 2025.[5] Celebrada la vista, el 8 de agosto de 2025, el Oficial Examinador que presidió los procedimientos emitió *Resolución* mediante la cual formuló las siguientes determinaciones de hechos:

> 14. Determinaciones de Hechos (Hechos probados):
>
> Que el 4 de junio de 2025 se presentó una querella contra el querellado por el Código 233 del Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional (en adelante, Reglamento Disciplinario), Reglamento Núm. 9221 de 8 de octubre de 2020.
>
> Que, según el querellante, el confinado en referencia desobedeció una orden directa impartida de repartir los alimentos a lo que se negó, estando asignado por el área de Sociales para realizar dicha labor.
>
> Que se le tomó juramento al querellado.
>
> Que el querellado no solicitó la presencia de testigos durante la vista administrativa.
>
> Que el querellado declaró en la vista administrativa que todo surge a raíz de que la matrícula decidió no recibir los alimentos y hay 18 declaraciones que expresan lo que sucedió ese día.
>
> Que el querellado a preguntas del Oficial Examinador declaró que está asignado a labores a través del Comité de Clasificación y Tratamiento.
>
> Que el querellado alegó que el oficial Fuentes no le dio la orden de repartir los alimentos y le dijo al oficial Fuentes que la matrícula no quería recibir los alimentos (desayuno).

---

[1] Véase, SUMAC TA, Entrada Núm. 1, Anejo 1.
[2] Véase, SUMAC TA, Entrada Núm. 1, Anejo 1.
[3] Véase, SUMAC TA, Entrada Núm. 1, Anejo 1.
[4] Véase, SUMAC TA, Entrada Núm. 1, Anejo 2.
[5] Véase, SUMAC TA, Entrada Núm. 1, Anejo 2-pág. 2.

> Que, según el querellado, la matrícula no aceptó los alimentos por un registro el día antes con cuatro confinados y subieron dos de ellos golpeados y la matrícula quería hablar con el superintendente.
>
> Que el día del incidente de los cuatro confinados, vino el Capitán Hernández hablar con ellos.
>
> Que, según el querellado, los Superintendentes Pedro Santos y Alba Collado, junto al Capitán Hernández estuvieron presentes cuando el oficial Rigoberto Fuentes expresó delante de ellos que el Sargento Irizarry le trajo la querella porque él era el guardia del pasillo asignado y tenía que firmarla.[6]

Cónsono con estas determinaciones de hechos, el Oficial Examinador encontró al Recurrente incurso en la conducta prohibida que se le imputaba. En consecuencia, señor Besares Rosado fue sancionado con la pérdida de su empleo.

Inconforme con este resultado, el 18 de agosto de 2025, el Recurrente solicitó reconsideración. Acogida dicha solicitud, el 5 de septiembre de 2025, el Oficial Examinador declaró la misma *No Ha Lugar*.[7] Surge de dicha determinación que el Recurrente no esbozó los mismos argumentos que presentó en la vista administrativa disciplinaria y no presentó prueba nueva.

Aun inconforme, el Recurrente radicó el recurso de epígrafe, el cual fue recibido por esta Curia el 11 de noviembre de 2025, en el que formuló los siguientes señalamientos de error:

> Error en el [I]nforme de Querella de [I]ncidente al no incluir testigos cuando el Sgto. Irizarry (8-10597) era testigo en el caso que nos ocupa, violentando así la Regla 6(A) Contenido de la Querella, en #3 nombre de testigos[,] si alguno.
>
> Error del Oficial Examinador [al encontrar] incurso al Querellado de violar la Regla 16[,] C[ó]digo 233[,] cuando el Oficial Rigoberto [F]uentes[, [p]laca núm. 5414[,] nunca dio una orden directa al [Q]uerellado.
>
> Error del Oficial Examinador por el menosprecio dado y la parcialidad de restarle credibilidad a 18 declaraciones de [c]onfinados del cuadrante D-2 izquierdo[,] ya que son estos los que deciden el no aceptar el desayuno y no el Querellado.
>
> Error del Oficial Examinador por anejar y tomar como evidencia al Sgto. Irizarry[,] a[u]n sabiendo que no estaba incluido como testigo en el [I]nforme de [Q]uerella de [I]ncidente [D]isciplinario.

---

[6] Véase, SUMAC TA, Entrada Núm. 1, Anejo 3.
[7] Véase, SUMAC TA, Entrada Núm. 1, Anejo 5.

Error del Oficial Examinador por no [a]ceptar la presencia del [Q]uerellante[,] cuando el [Q]uerellado lo había solicitado con anterior[idad] a la vista y el mismo día de la vista, esto, violentando así la Regla 31 el # 4-[l]a presencia del [q]uerellante en la vista disciplinaria es un asunto oficial de estricto cumplimiento, cuando así sea requerido.

Error del Oficial Examinador al no aceptar la pre[s]encia de los señores Superintendente[s,] Sr. Pedro Santos y la Sra. Alba Collado[,] cuando el Querellado lo había así solicitado antes de la fecha de la vista y de igual manera el día de la vista.

El Recurrente acompañó su recurso junto con la *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia*, la cual fue declarada *Ha Lugar* por esta Curia el 17 de noviembre de 2025 mediante *Resolución*. De igual manera, esta Curia le concedió hasta el 15 de diciembre de 2025, al DCR para que presentara su postura. Oportunamente, el 15 de diciembre de 2025, la Oficina del Procurador General de Puerto Rico, en representación de la agencia recurrida, compareció mediante *Escrito en Cumplimiento de Resolución*. Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable a la controversia objeto del recurso de epígrafe.

## II.

### A. *Estándar de Revisión Judicial de Determinaciones Administrativas*

"Es norma de derecho claramente establecida que los tribunales apelativos, al momento de revisar las determinaciones administrativas, están obligados a conceder deferencia a las decisiones de las agencias en consideración a que estas poseen la experiencia y el conocimiento especializado sobre los asuntos que se les han delegado". *Katiria's Café v. Mun. de San Juan*, 215 DPR ___ (2025), 2025 TSPR 33, pág. 10. Las determinaciones de una agencia administrativa gozan de una presunción de legalidad y corrección. *Transp. Sonnell v. Jta. Subastas ACT*, 214 DPR 633, 648 (2024). Al evaluar una determinación

administrativa, los foros judiciales analizarán los aspectos siguientes: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hecho que realizó la agencia están sostenidas por evidencia sustancial, y (3) si las conclusiones de derecho fueron correctas. *Otero Rivera v. USAA Fed. Savs. Bank.,* 214 DPR 473, 484-485 (2024).

Ahora bien, en cuanto a las determinaciones de derecho, nuestra más Alta Curia en *Vázquez et al v. DACo*, 215 DPR ___ (2025), 2025 TSPR 56, incorporó la doctrina discutida en *Loper Bright Enterprises v. Raimondo*, ___ U.S. ____, 144 S.Ct. 2244, 219 L.Ed.2d 832 (2024), en cuanto a que los tribunales no tienen que darle deferencia a la interpretación de derecho que haga una agencia simplemente porque la ley es ambigua. En aquella ocasión, nuestro Máximo Foro concluyó que "la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales" por lo cual enfatizó que, "al enfrentarse a un recurso de revisión judicial proveniente de una agencia administrativa, será el deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos". *Íd.*, pág. 32.

### B. Reglamento Núm. 9221 de 8 de octubre de 2020

El *Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional*, Reglamento Núm. 9121 de 8 de octubre de 2020, fue aprobado conforme a la Ley Núm. 38-2017, según enmendada, conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9601, ("LPAU") y el Plan de Reorganización Núm. 2 de 21 de noviembre de 2011, a los fines de establecer la estructura disciplinaria para los miembros de la población correccional. Sus disposiciones cumplen con la política pública de modificación de conducta desde la perspectiva de rehabilitación, evitando el

carácter punitivo. *Véase* Introducción y Regla 1 del Reglamento Núm. 9121, *supra.*

En cuanto a los actos prohibidos, el Código 233 de la Regla 16 del Reglamento Núm. 9221, *supra*, establece como un acto prohibido lo siguiente:

> Desobedecer una Orden Directa - Consiste en desobedecer, ignorar o rehusarse a seguir una orden directa válida emitida por parte de un empleado del DCR o que firme como su representante para dicha gestión. Incluye sin limitarse:
>
> a. Desobedecer cualquier directriz administrativa; o
> b. Negarse a recoger artículos o basura que el propio miembro de la población correccional haya colocado, tirado, escondido o botado en un área no destinada para ello.

A esos fines, las determinaciones emitidas por el Oficial Examinador sobre los actos imputados a los miembros de la población correccional deberán considerar la totalidad de la prueba presentada en la vista y se tomará una decisión fundamentada en los méritos de la evidencia presentada. A su vez, el Oficial Examinador emitirá una resolución a los fines de adjudicar la controversia, en la que podrá tomar una o más de las siguientes determinaciones:

> a. Declarar al miembro de la población correccional incurso en la comisión del acto prohibido imputado.
> b. Imponer sanciones correspondientes al nivel de severidad del acto prohibido imputado.
> c. Declarar al miembro de la población correccional No Incurso.
> d. Desestimar la querella, cuando no haya prueba suficiente para sostener la imputación contra el miembro de la población correccional querellado, o si no habiendo controversia real en los hechos, como cuestión de derecho procede que se dicte resolución a favor de éste. Véase Regla 28 (1) del Reglamento Núm. 9221.

### III.

En el presente recurso, el Recurrente nos solicita que revoquemos la *Resolución* emitida y notificada el 8 de agosto de 2025. Por virtud del aludido dictamen, el DCR, por medio del Oficial Examinador que presidió los procedimientos, encontró incurso en violación disciplinaria al Recurrente, por este

desobedecer una orden directa y, en consecuencia, se le sancionó con la pérdida de su empleo. Veamos.

Conforme surge del expediente ante nos, el 4 de junio de 2025, se presentó un *Informe de Querella de Incidente* en el que se le imputó al Recurrente desobedecer una orden directa. El caso siguió su trámite ordinario y se llevó a cabo una vista administrativa disciplinaria en la cual el Recurrido tuvo la oportunidad de presentar la prueba necesaria para defenderse de la falta imputada. Surge de los autos que la prueba que el Oficial Examinador tomó en consideración fue la siguiente:

Informe de Querella de Incidente Disciplinario;

Informe de Investigación;

Declaración del Querellante;

Declaración del Querellado;

Declaración del Sargento Alexis Irizarry Sepúlveda;

Declaraciones de 18 confinados del D2 Izquierdo; Informe Diario de Noticias,

Incidente o Incidentes Graves por el Sargento Alexis Irizarry Sepúlveda (8-10597);

Fotos; La totalidad del expediente administrativo.[8]

Evaluada y aquilatada esta prueba, el Oficial Examinador encontró incurso en la conducta prohibida imputada al Recurrente. Cabe mencionar que esta determinación se encuentra cobijada por una presunción de corrección y legalidad, la cual únicamente puede ser rebatida por el Recurrente siempre y cuando demuestre que la determinación recurrida no está sustentada "en prueba sustancial, cuando el organismo erró en aplicar la ley o cuando la actuación de la agencia haya sido arbitraria, irrazonable o contraria a derecho." *Moreno Lorenzo y otros v. Depto. Fam.,* 207 DPR 833, 839 (2021).

Examinado el recurso ante nos, concluimos que el Recurrente no ha rebatido dicha presunción de corrección con prueba sustancial. Como corolario de lo anterior, determinamos

---

[8] Véase, SUMAC TA, Entrada Núm. 1, Anejo 3.

que el Recurrente tampoco ha demostrado que el Oficial Examinador, por virtud de la *Resolución* recurrida haya interpretado de manera errónea el derecho aplicable en este caso. El señor Besares Rosado simplemente alude a que no se incluyeron testigos solicitados por este, pero no presentó prueba a esos efectos.

De igual forma, el Recurrente cuestiona el valor probatorio que el Oficial Examinador le dio a la prueba que este tenía ante su consideración. No obstante lo anterior, este no presentó evidencia alguna que rebatiera la deferencia que los foros apelativos le otorgamos a los foros que tienen contacto con la prueba tanto documental como testimonial. Ante esto, consecuentemente colegimos que ninguno de los errores esbozados por el Recurrente se cometieron por parte de la agencia recurrida. Por consiguiente, corresponde otorgarle deferencia a la determinación del DCR y, por tanto, confirmar su dictamen.

**IV.**

Por los fundamentos que anteceden, **confirmamos** el dictamen recurrido**.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones